IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-30013
Conference Calendar
_____


CHARLES KENNETH WALLACE, aka
Charles Red Wallace,

                                        Petitioner-Appellant,

versus

RICHARD P. IEYOUB, Attorney General,
State of Louisiana, and RICHARD L.
STALDER,

                                        Respondents-Appellees.


- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 94-427-D
- - - - - - - - - -
August 24, 1995
Before KING, JOLLY, and WIENER, Circuit Judges.

PER CURIAM:[*]

     Charles Kenneth Wallace appeals the denial of his petition

for habeas corpus relief.  Despite Wallace's evident attempt to

raise some sort of Double Jeopardy argument, his allegations and

contentions at most give rise to an argument that the state trial

court violated a law of state procedure.  "His petition fails to

allege the deprivation of any right secured by the

_____

     [*]     Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the court has determined
that this opinion should not be published.

Constitution[.]" *Thomas v. Torres*, 717 F.2d 248, 249 (5th Cir. 1983), *cert. denied*, 465 U.S. 1010 (1984). Wallace's contention that the state court violated state law by failing to swear his jury as a group is not cognizable in habeas proceedings.

Wallace contends that this court should review his appeal for errors patent on the record. With some exceptions that do not apply to Wallace's case, parties must brief issues for this court to consider them on appeal. *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993)(issues not briefed are abandoned). Wallace's contention is without merit.

Wallace raises as issues for appeal whether the district court prematurely denied his petition; erred by denying his petition without an evidentiary hearing; erred by failing to grant his motion for a default judgment; erred by failing to appoint counsel for Wallace; and erred by denying his motion for relief pursuant to FED. R. CIV. P. 59(e). Wallace provides no legal or factual arguments to support his contentions. He has failed to brief those contentions and has abandoned them. *Yohey*, 985 F.2d at 224-25.

Finally, this court recently warned Wallace that frivolous appeals could result in sanctions against him. The court also admonished Wallace to review any pending appeals and withdraw any frivolous appeals. *Wallace v. Edwards*, No. 93-3651, slip op. at 3 (5th Cir. Jul. 21, 1994)(unpublished).

The district judge clearly and correctly explained the law regarding procedural default and the cause-and-prejudice and actual-innocence exceptions. Wallace does not address the

applicable legal standards in his brief.  Rather, he seeks to rely on the law he contends govern his substantive claim and contends that the *respondents* waived procedural default as an issue because the *State* failed to object at trial.

We hereby impose a monetary sanction of $50 on Wallace, to be paid to the clerk of this court.  The clerk of this court is directed not to accept any appellate filings from Wallace until he pays this sanction, unless Wallace receives written permission from a judge of this court for each filing he wishes to submit.  Additionally, Wallace's motion for appointment of counsel is DENIED.

APPEAL DISMISSED.