# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 05-3154

_____

| | | |
|---|---|---|
| Adam Steele; Donnis Solberg, | * | |
| doing business as The Other | * | |
| Place; Corner Bar of Bemidji, | * | |
| Inc., a Minnesota Corporation, | * | |
| doing business as Corner Bar; | * | |
| Turtle Creek Saloon, Inc., a | * | |
| Minnesota Corporation, doing | * | |
| business as Turtle Creek Saloon; | * | |
| James A. Ness, doing business as | * | |
| Hillcrest Supper Club, | * | Appeal from the United States |
| | * | District Court for the |
| Appellants, | * | District of Minnesota. |
| | * | |
| v. | * | [UNPUBLISHED] |
| | * | |
| County of Beltrami, State of | * | |
| Minnesota; Keith Winger, Sheriff | * | |
| of the County of Beltrami, State of | * | |
| Minnesota; Other Unnamed | * | |
| Persons and Entities, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: February 15, 2007
Filed: June 7, 2007

_____

Before LOKEN, Chief Judge, GRUENDER and BENTON, Circuit Judges.

_____

PER CURIAM.

On August 17, 2004, the Beltrami County Board of Commissioners passed the "Beltrami County Smoke Free Ordinance for Indoor Public Places and Places of Work" ("the ordinance"). In an effort to protect public health, the ordinance prohibits smoking in public places and places of work, subject to a few exceptions. The ordinance took effect on January 1, 2005, with further "phase-in" exceptions to the prohibition expiring on January 1, 2007.

On December 29, 2004, Adam Steele, an individual who smokes tobacco products, and several restaurants and bars ("plaintiffs") filed this 42 U.S.C. § 1983 complaint against Beltrami County, its sheriff and other unidentified parties ("Beltrami") in an effort to enjoin the implementation of the ordinance. The plaintiffs were not represented by counsel. After the district court[1] had denied the plaintiffs' motion for a temporary restraining order and motion for a preliminary injunction, it granted Beltrami's motion for summary judgment, dismissing the plaintiffs' federal claims with prejudice and their state claims without prejudice. The plaintiffs appeal, and we affirm.

The plaintiffs appeal the district court's summary judgment in favor of Beltrami with respect to three of their federal claims, which allege that the ordinance violates their rights under the Fourth, Fifth, Ninth and Fourteenth Amendments. "We review a grant of summary judgment de novo and will affirm if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Ruminer v. Gen. Motors Corp.*, 483 F.3d 561, 563 (8th Cir. 2007).

---

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.

The plaintiffs' arguments are unpersuasive. In particular, they fail to provide any sound legal argument or authorities supporting their claimed constitutional rights to smoke or to control smoking on premises they have opened to the public, and we decline their invitation to create such rights. Our own research has revealed no relevant authority supporting these rights under any theory, and several state and municipal smoking regulations have survived similar challenges under the Fourth, Fifth and Fourteenth Amendments. *See, e.g., D.A.B.E., Inc. v. City of Toledo*, 393 F.3d 692, 696 (6th Cir. 2005) (holding that appellants failed to establish that an ordinance regulating smoking in restaurants and bars was a regulatory taking under the Fifth Amendment); *Grusendorf v. City of Oklahoma City*, 816 F.2d 539, 542-43 (10th Cir. 1987) (holding that a city regulation prohibiting certain fire department employees from smoking on or off duty was not irrational or arbitrary under the Fourteenth Amendment); *Players, Inc. v. City of New York*, 371 F. Supp. 2d 522, 540-43 (S.D.N.Y. 2005) (holding that state and municipal smoking bans did not violate a private social club's Fourth and Fourteenth Amendment rights). Indeed, *Gasper v. Louisiana Stadium and Exposition District* dealt with litigants urging the creation of a constitutional right to be free from tobacco smoke in state buildings and held that it is not a right recognized under the First, Fifth, Ninth or Fourteenth Amendments. 418 F. Supp. 716, 718-22 (E. D. La. 1976), *aff'd*, 577 F.2d 897, 899 (5th Cir. 1978) ("[W]e can see no constitutional basis for injecting the courts and their injunctive powers into this tobacco-smoking controversy."). We agree with the district court in *Gasper*:

> [T]he United States Constitution does not provide judicial remedies for every social and economic ill. For the Constitution to be read to protect nonsmokers from inhaling tobacco smoke would be to broaden the rights of the Constitution to limits heretofore unheard of and to engage in that type of adjustment of individual liberties *better left to the people acting through legislative processes*.

-3-

*Id.* at 722 (emphasis added).  These same principles apply with equal force to the alleged right to smoke or to control smoking in a restaurant or bar.  For these reasons and those set forth by the district court, we affirm.  *See* 8th Cir. R. 47B.[2]

_____

[2]We also note that the corporate plaintiffs did not challenge on appeal the dismissal of their claims for failure to prosecute.  However, the sole proprietor plaintiffs did challenge the district court's alleged order requiring them to obtain counsel.  Because their claims were not dismissed on this basis and in light of our decision on the merits of the claims, we do not reach this issue.