# United States Court of Appeals

## For the Eighth Circuit

_____

No. 11-3880

_____

Arthur Gallagher

*Plaintiff - Appellant*

v.

City of Clayton; Linda Goldstein, Mayor; Craig Owens, City Manager; Patty
DeForrest, Parks Director; Thomas J. Byrne, Police Chief

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: September 19, 2012
Filed: November 8, 2012

_____

Before RILEY, Chief Judge, SMITH and COLLOTON, Circuit Judges.

_____

RILEY, Chief Judge.

Arthur Gallagher sued the City of Clayton, Missouri (City), and several city
officials (defendants) in their official capacities under 42 U.S.C. §§ 1983 and 1988,
challenging a city ordinance prohibiting outdoor smoking on certain public property.
Gallagher alleged the ordinance violated both the United States and Missouri
Constitutions. After the defendants moved for judgment on the pleadings, the district

court[1] dismissed Gallagher's federal claims as facially implausible and declined to exercise supplemental jurisdiction over his state law claim. Gallagher appeals the dismissal of his federal claims. We affirm.

## I.    BACKGROUND

Gallagher is a resident of the City who regularly uses the City's parks and "ecstatically enjoys smoking tobacco products while doing so." On August 24, 2010, the City's Board of Aldermen (Board) enacted Ordinance 6118 (Ordinance) prohibiting the "possession of lighted or heated smoking materials in any form . . . in or on any property or premises owned or leased for use by the City of Clayton, including buildings, grounds, parks, [and] playgrounds." The Ordinance established several exceptions, including allowing outdoor smoking on "streets, alleys, rights of way and sidewalks other than sidewalks and pedestrian paths in parks," but gave the City Manager discretion to prohibit smoking in these areas during "community events, fairs, festivals, neighborhood events and similar public gatherings." The Board cited public health and safety, litter reduction, and aesthetic rationales for enacting the Ordinance.

On March 2, 2011, Gallagher sued the defendants under 42 U.S.C. § 1983, alleging the Ordinance unconstitutionally prevented him from smoking outdoors in city parks. Gallagher challenged the constitutionality of the Ordinance on five grounds under the United States Constitution and on one supplemental ground under the Missouri Constitution. Specifically, Gallagher asserted the Ordinance (1) failed rational basis review "because the health threat of secondhand smoke from outdoor tobacco use is de minim[i]s"; (2) failed strict scrutiny review "because smoking is . . . a fundamental right, and the Ordinance is not narrowly tailored to protect that right"; (3) failed intermediate scrutiny review because "smokers are a quasi-suspect

---

[1]The Honorable Charles A. Shaw, United States District Judge for the Eastern District of Missouri.

class due to discrimination and second class categorization"; (4) failed heightened rational basis review because "the real purpose of the Ordinance is to express animus toward smokers"; (5) is unconstitutionally vague because it allows the City Manager unfettered discretion to "ban outdoor smoking at festivals and events"; and (6) "[d]enies smokers their Missouri Constitution . . . liberty and pursuit of happiness rights."

On June 1, 2011, the defendants moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). The district court granted the defendants' motion on December 9, 2011, dismissing Gallagher's federal constitutional claims as facially implausible and declining to exercise supplemental jurisdiction over his state law claim. Gallagher appeals the dismissal of his federal claims, contending the district court erred on six grounds.

## II.    DISCUSSION

We review de novo a district court's grant of a motion for judgment on the pleadings, using the same standard as when we review the grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). See Clemons v. Crawford, 585 F.3d 1119, 1124 (8th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. While this court must "accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party," United States v. Any & All Radio Station Transmission Equip., 207 F.3d 458, 462 (8th Cir. 2000), "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

## A.    Fundamental Right

Gallagher first contends the district court erred in dismissing his claim that smoking outdoors constitutes a fundamental right warranting strict scrutiny of the Ordinance.  The doctrine of substantive due process protects unenumerated fundamental rights and liberties under the Due Process Clause of the Fourteenth Amendment.  See Washington v. Glucksberg, 521 U.S. 702, 720 (1997).  A fundamental right is one which is, "objectively, 'deeply rooted in this Nation's history and tradition,'" id. at 720-21 (quoting Moore v. City of East Cleveland, Ohio, 431 U.S. 494, 503 (1977) (plurality opinion)), "and 'implicit in the concept of ordered liberty,' such that 'neither liberty nor justice would exist if [it] were sacrificed,'" id. at 721 (quoting Palko v. Connecticut, 302 U.S. 319, 325, 326 (1937)).  Legislation infringing a fundamental right must survive strict scrutiny—the law must be "narrowly tailored to serve a compelling state interest."  Id. (quoting Reno v. Flores, 507 U.S. 292, 302 (1993)) (internal quotation marks omitted).

Gallagher proposes we declare smoking (1) a new fundamental right "because of tobacco's ancient traditions in American history" or (2) a part of an established fundamental right to bodily integrity.  He concedes, however, that "no court has adopted his position."  Turning to Gallagher's first proposition, we have previously addressed a legislature's ability to regulate smoking.  In Steele v. County of Beltrami, Minn., 238 F. App'x 180 (8th Cir. 2007) (unpublished per curiam), we affirmed the district court's dismissal of claims brought by plaintiffs alleging a county ordinance prohibiting smoking in indoor public places and places of work violated their rights under the Fourth, Fifth, Ninth, and Fourteenth Amendments.  See id. at 181-82.  We noted the plaintiffs "fail[ed] to provide any sound legal argument or authorities supporting their claimed constitutional rights to smoke" and "no relevant authority support[ed] these rights under any theory."  Id. at 181.  We concluded regulation of smoking was "better left to the people acting through legislative processes" than creating a "judicial remed[y]" in the United States Constitution.  Id. (quoting Gasper

-4-

v. La. Stadium & Exposition Dist., 418 F. Supp. 716, 722 (E.D. La. 1976)) (internal quotation marks omitted).

Gallagher attempts to distinguish his case from Steele, contending he has offered "sound legal arguments" for his proposition, unlike the plaintiffs in that case, by identifying many examples of smoking's prevalence throughout American history. Despite this distinction, we decline Gallagher's invitation to declare smoking a fundamental right. "The doctrine of judicial self-restraint requires us to exercise the utmost care whenever we are asked to break new ground in this field" (substantive due process), because "guideposts for responsible decisionmaking in this unchartered area are scarce and open-ended." Collins v. City of Harker Heights, Tex., 503 U.S. 115, 125 (1992). Even were we to assume the right to smoke outdoors on public property is "deeply rooted in this Nation's history and tradition," Glucksberg, 521 U.S. at 721 (quoting Moore, 431 U.S. at 503) (internal quotation marks omitted), we do not believe the right is "implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if [it] were sacrificed," id. (quoting Palko, 302 U.S. at 325, 326) (internal quotation marks omitted). Gallagher has failed adequately to demonstrate how the Ordinance would so threaten liberty or justice as to trigger strict scrutiny under the Due Process Clause of the Fourteenth Amendment. "The doctrine of judicial self-restraint [thus] requires us" to hold that outdoor smoking on public property does not constitute a fundamental right. Collins, 503 U.S. at 125.

Nor do we accept Gallagher's proposition that smoking constitutes part of an existing fundamental right to bodily integrity. Gallagher suggests smoking in public is an "intimate part of life" akin to the right to engage in consensual, private sexual activity, see Lawrence v. Texas, 539 U.S. 558 (2003), and to a woman's "bodily integrity right to have an abortion," see Planned Parenthood of S.E. Penn. v. Casey, 505 U.S. 833 (1992). Lawrence, however, did not expressly recognize a "fundamental right." The Supreme Court held the Texas statute at issue "further[ed] no legitimate state interest which c[ould] justify its intrusion into the personal and

private life of the individual." <u>Lawrence</u>, 539 U.S. at 578.  While the Supreme Court has recognized a fundamental right to "bodily integrity" and to engage in certain other "personal activities and decisions," <u>Glucksberg</u>, 521 U.S. at 720, 727, not "all important, intimate, and personal decisions are so protected," <u>id.</u> at 727.  The alleged right to smoke in public is not so deeply rooted in the Nation's history and tradition, and it is not implicit in the concept of ordered liberty.  As such, it does not fall within the "liberty" that is specially protected by the Due Process Clause.  The district court did not err in dismissing this claim.

### B.     Suspect Classification

Gallagher alternatively seeks intermediate scrutiny of the Ordinance on equal protection grounds, maintaining that smokers are a suspect or quasi-suspect class due "to discrimination, animus, stigma and second class characterization."  Under the Fourteenth Amendment's Equal Protection Clause, a law that treats a suspect classification of people differently than similarly situated individuals is subject to heightened scrutiny.  <u>See</u> <u>Gilmore v. Cnty of Douglas, Neb.</u>, 406 F.3d 935, 937 (8th Cir. 2005).  A class may be found suspect if the class shares "an immutable characteristic determined solely by the accident of birth," <u>Frontiero v. Richardson</u>, 411 U.S. 677, 686 (1973), or is "saddled with such disabilities, or subjected to such a history of purposeful unequal treatment, or relegated to such a position of political powerlessness as to command extraordinary protection from the majoritarian political process," <u>San Antonio Indep. Sch. Dist. v. Rodriguez</u>, 411 U.S. 1, 28 (1973).  Courts considering claims that smokers constitute a suspect or quasi-suspect class have rejected them, noting "that smokers as a class lack the[se] typical characteristics that traditionally have triggered heightened scrutiny when the governmental action targets a group."  <u>N.Y.C. C.L.A.S.H., Inc. v. City of New York</u>, 315 F. Supp. 2d 461, 482 (S.D.N.Y. 2004); <u>see also</u> <u>Giordano v. Conn. Valley Hosp.</u>, 588 F. Supp. 2d 306, 313-14 (D. Conn. 2008).

Unlike the suspect or quasi-suspect classifications of race, alienage, national origin, or gender, see City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 440-41 (1985), we conclude that smokers do not share some immutable characteristic beyond their control and they do not require special protection by the courts because of vast discrimination against smokers or their political powerlessness. Nor could we plausibly find to the contrary based upon this complaint. Gallagher pled only a single fact in his complaint regarding smokers belonging to a suspect class—a reference to one advertisement describing smokers as "persecuted." Because Gallagher did not plead facts plausibly indicating that smokers constitute a suspect or quasi-suspect class, the district court did not err in dismissing this claim. See Iqbal, 556 U.S. at 678.

### C.    Rational Basis Review

Where a law neither implicates a fundamental right nor involves a suspect or quasi-suspect classification, the law must only be rationally related to a legitimate government interest. See, e.g., Romer v. Evans, 517 U.S. 620, 631 (1996); Heller v. Doe, 509 U.S. 312, 319-20 (1993). Such a law is "accorded a strong presumption of validity," Heller, 509 U.S. at 319, and is upheld "if there is any reasonably conceivable state of facts that could provide a rational basis for the classification," F.C.C. v. Beach Commc'ns, Inc., 508 U.S. 307, 313 (1993). When it enacted the Ordinance, the Board asserted public health and safety, litter reduction, and aesthetic rationales.[2] Gallagher argues that each asserted rationale fails rational basis review and that "there is no other real justification" for the Ordinance, rendering the legislation unconstitutional.

Turning to the City's health-based rationale, the Board "found that restrictions on the smoking of tobacco products in public areas where nonsmokers may be subject

---

[2]The Board interestingly did not specifically assert fire protection as a rationale.

to the effects of secondhand smoke will preserve and protect the health, safety and welfare" of the general public. In support of this finding, the Board cited a number of studies, including a 1999 report by the National Cancer Institute that secondhand smoke exposure "is responsible for the early deaths of approximately 53,000 Americans annually" and the 2006 report of the U.S. Surgeon General that found "there is no risk-free level of exposure to secondhand smoke."

Gallagher first argues this justification for the Ordinance is underinclusive because the Ordinance fails to also ban other sources of air pollution that could harm the public health, such as smoke from barbeques or exhaust from nearby vehicles. The fact that the City has determined it appropriate to eliminate tobacco smoke from certain public places, yet not ban other possible air contaminants, does not cause the Ordinance to fail rational basis review. See Heller, 509 U.S. at 321 ("[C]ourts are compelled under rational-basis review to accept a legislature's generalizations even when there is an imperfect fit between means and ends."); Vance v. Bradley, 440 U.S. 93, 108 (1979) ("Even if [a] classification . . . is to some extent both underinclusive and overinclusive, and hence the line drawn . . . imperfect, it is nevertheless the rule that . . . 'perfection is by no means required.'") (quoting Phillips Chem. Co. v. Dumas Sch. Dist., 361 U.S. 376, 385 (1960)).

Gallagher next contends the City's health-based rationale is plainly false because the dangers to the public from secondhand smoke in outdoor areas are minimal due to dissipation of smoke through the air that no member of the public could possibly be harmed. He also contends the studies relied upon by the Board are incorrect and distinguishable because the studies address indoor smoke exposure, not outdoor smoke exposure. Gallagher concedes rational basis review is deferential to the legislature, but maintains the standard of review is not "toothless" and "must find some footing in the realties of the subject addressed by the legislation." Heller, 509 U.S. at 321; Mathews v. Lucas, 427 U.S. 495, 510 (1976). However, "a legislative choice is not subject to courtroom fact-finding and may be based on rational

-8-

speculation unsupported by evidence or empirical data." Beach Commc'ns, Inc., 508 U.S. at 315. Even "if the rationale for [the law] seems tenuous," Romer, 517 U.S. at 632, the law survives rational basis review so long as "the legislative facts on which the [law] is apparently based could . . . reasonably be conceived to be true by the governmental decisionmaker." Vance, 440 U.S. at 111.

Gallagher's contention that the City's health-based justification fails rational basis review does not overcome the Ordinance's "strong presumption of validity." Heller, 509 U.S. at 319. The Board relied on a number of studies in enacting the Ordinance, including a report of the U.S. Surgeon General indicating "there is no risk-free level of exposure to secondhand smoke." Although the Board could have engaged in "rational speculation unsupported by evidence or empirical data" that outdoor secondhand smoke exposure harms health, the Board went further and relied on reports that "could . . . reasonably be conceived to be true." Beach Commc'ns, Inc., 508 U.S. at 315; Vance, 440 U.S. at 111. We need not determine whether outdoor secondhand smoke exposure actually causes harm. Because the City reasonably could believe this to be true, the Ordinance survives rational basis review.

We further note the City was not "require[d] . . . to articulate its reasons for enacting" the Ordinance. Beach Commc'n, Inc., 508 U.S. at 315. Even if the City's asserted rationales were to fail rational basis review, Gallagher still would have the burden "to negative every conceivable basis which might support" the Ordinance. Lehnhausen v. Lake Shore Auto Parts Co., 410 U.S. 356, 364 (1973). Because the City's health-based justification is sufficient, we will not analyze other conceivable rationales for the Ordinance. Gallagher's claim that the law fails rational basis review was properly dismissed by the district court.

### D.    Heightened Rational Basis Review

Gallagher next argues the district court erred in dismissing his claim that the Ordinance fails a more exacting form of rational basis review. Gallagher contends

the Supreme Court established a "rational basis with bite" test in <u>Romer</u>, 517 U.S. at 632, invalidating legislation having animus toward a particular class of persons as its sole purpose. Because the City's asserted rationales for the Ordinance are "pretextual," Gallagher asserts, the Ordinance is "actually an arbitrary and discriminatory treatment of smokers based on animus" that fails this heightened standard of review and violates the Equal Protection Clause of the Fourteenth Amendment. <u>See id.</u> at 634 (stating "a bare . . . desire to harm a politically unpopular group cannot constitute a *legitimate* governmental interest") (quoting <u>Dep't of Agric. v. Moreno</u>, 413 U.S. 528, 534 (1973)) (internal quotation marks omitted).

Even assuming the Supreme Court established some form of heightened rational basis review in <u>Romer</u>, Gallagher's assertion must fail. As Gallagher has acknowledged, a <u>Romer</u>-type analysis only applies where there is no other legitimate state interest for the legislation that survives scrutiny. <u>See id.</u> at 634-35. Because we have already determined the City's health-based justification is adequate, the Ordinance is not the product solely of animus so as to fall within the <u>Romer</u> ambit.

### E. Vagueness

Gallagher next contends the district court erred in dismissing his claim that the Ordinance is unconstitutionally vague in violation of the First Amendment and the Due Process Clause of the Fourteenth Amendment. He challenges the delegation of authority to the City Manager to suspend an exception allowing outdoor smoking on most "streets, alleys, rights of way and sidewalks" during "community events, fairs, festivals, neighborhood events and similar public gatherings" without providing standards to guide the City Manager's determination. Gallagher reports "the City Manager has not banned smoking at a festival at which [Gallagher] wanted to smoke," so his "challenge is . . . facial, and not as applied."

Regarding Gallagher's First Amendment contention, Gallagher maintains the City Manager's unfettered discretion amounts to a content-based restriction on

speech.  See Thomas v. Chi. Park Dist., 534 U.S. 316, 323-25 (2002) (upholding an ordinance requiring protestors to acquire a permit before demonstrating in public fora, in part, because "adequate standards" existed that prevented a "licensing official [from enjoying] unduly broad discretion in determining whether to grant or deny a permit").  Where legislation regulates conduct, as opposed to speech, the First Amendment is only implicated when the regulated conduct is "inherently expressive." Rumsfeld v. Forum for Academic & Inst. Rights, Inc., 547 U.S. 47, 66 (2006). Examples of inherently expressive conduct that warrant constitutional scrutiny when burdened by legislation include the burning of the American flag, Texas v. Johnson, 491 U.S. 397, 406 (1989), the burning of draft cards, United States v. O'Brien, 391 U.S. 367, 376 (1968), and marching in a parade, Hurley v. Irish-Am. Gay, Lesbian & Bisexual Grp. of Bos., 515 U.S. 557, 568-70 (1995).  In this case, the Ordinance regulates conduct by prohibiting outdoor smoking in certain public places. Gallagher does "not argue[] that smoking is an expressive act protected by the First Amendment" because "that argument ha[s] had no legs before the judiciary." Consequently, the City Manager's discretion to suspend the smoking exception for fairs and festivals does not plausibly implicate the First Amendment.

Gallagher also argues the Ordinance is void for vagueness on due process grounds because the lack of standards to guide the City Manager's discretion will result in an "arbitrary and discriminatory application" of the Ordinance.  See Grayned v. City of Rockford, 408 U.S. 104, 108-09 (1972).  We need not reach the merits of Gallagher's due process argument.  "It is well established that vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand."  United States v. Mazurie, 419 U.S. 544, 550 (1975).  In these cases, "the statute is judged on an as-applied basis."  Maynard v. Cartwright, 486 U.S. 356, 361 (1988).  As already noted, smoking does not implicate the First Amendment on these alleged facts.  Because Gallagher concedes he is only asserting a facial challenge to the Ordinance, his claim, the City Manager's discretion

-11-

renders the Ordinance void for vagueness on due process grounds, is not properly before this court. The district court did not err in dismissing these claims.

### F. Privileges or Immunities Clause of Fourteenth Amendment

Gallagher proposes the district court erred by dismissing his federal claims without addressing his allegation the Ordinance violates the Privileges or Immunities Clause of the Fourteenth Amendment. Gallagher did not allege this proposition in his complaint and has never sought leave to amend his complaint to add this allegation. See Fed. R. Civ. P. 15(a). Gallagher only asserted the proposition in his reply brief in opposition to the defendants' motion for judgment on the pleadings, but contends the issue is preserved for appeal because both parties briefed the merits of the issue in detail.

"It is a basic principle that the complaint may not be amended by the briefs in opposition to a motion to dismiss, nor can it be amended by the briefs on appeal." Thomason v. Nachtrieb, 888 F.2d 1202, 1205 (7th Cir. 1989). Gallagher's privileges or immunities proposition was thus not properly before the district court. Because the proposition "was not raised in the district court or considered in the [district court's] ruling," Lourdes High Sch. of Rochester, Inc. v. Sheffield Brick & Tile Co., 870 F.2d 443, 446 (8th Cir. 1989), we do not reach the merits of the allegation. The district court did not err in dismissing Gallagher's federal claims without addressing the privileges or immunities proposition.

### III. CONCLUSION
We affirm.

_____

-12-