# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-30250
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**

May 5, 2017

Lyle W. Cayce
Clerk

CHARLES KENNETH WALLACE, SR.,

Plaintiff–Appellant,

v.

STATE OF LOUISIANA; BOBBY JINDAL, Governor, State of Louisiana; JAMES M. LEBLANC, Secretary, Department of Public Safety and Corrections; JAMES BUDDY CALDWELL, Attorney General, State of Louisiana; MASTER TOBACCO SETTLEMENT; PRICEWATERHOUSECOOPERS, L.L.P., London, England, Master Tobacco Settlement Administrators; LOUISIANA PRISON ENTERPRISES; UNIDENTIFIED PARTIES,

Defendants–Appellees.

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:15-CV-1881

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:[*]

Charles Kenneth Wallace, Sr., Louisiana prisoner # 093248, appeals the district court's dismissal of his 42 U.S.C. § 1983 complaint as frivolous and for failure to state a claim.  He argues that the no-smoking policy at the David

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-30250

Wade Correctional Center violated his right to be free from ex post facto punishment and his rights of equal protection, freedom of religious expression, free speech, and freedom of association.  As to these arguments, we discern no error in the district court's dismissal of Wallace's § 1983 complaint.  *See, e.g., Warren v. Miles*, 230 F.3d 688, 692 (5th Cir. 2000); *McBride v. Bremer*, No. 92-5522, 1993 WL 129786, at *2 (5th Cir. Apr. 16, 1993) (unpublished) (per curiam); *Audler v. CBC Innovis Inc.*, 519 F.3d 239, 255 (5th Cir. 2008); *see also Gallagher v. City of Clayton*, 699 F.3d 1013, 1018-19 (8th Cir. 2012).

Regarding Wallace's remaining claims, we decline to consider his challenge to the constitutionality of Act 815 of the 2006 Session of the Louisiana Legislature, which prohibited and penalized smoking in public buildings, as the issue is raised for the first time on appeal.  *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).  Next, it is unavailing for Wallace to claim that the State's purported waiver of appeal in *Wallace v. Ieyoub*, No. 95-30013, 1995 WL 581549, at *1 (5th Cir. Aug. 24, 1995) (unpublished) (per curiam), granted him the right to smoke in prison when the case mentions no such right.  It is likewise unavailing for Wallace to claim that the district court erred in dismissing his case without permitting discovery, *see Martin v. Scott*, 156 F.3d 578, 579-80 & n.2 (5th Cir. 1988) (per curiam); that the magistrate judge acted improperly without the consent of the parties, *see* 28 U.S.C. § 636(b); and that the district court erred in failing to rule on a "Motion to Dismiss Without Prejudice," *see Yohey*, 985 F.2d at 225.

Wallace's assertions regarding the tobacco industry are incomprehensible and thus are deemed abandoned.  *See United States v. Cothran*, 302 F.3d 279, 286 n.7 (5th Cir. 2002).  Finally, it is frivolous for Wallace to argue in a conclusory manner that the State has fraudulently concealed the fact that tobacco products do not cause cancer.  *See Samford v.*

*Dretke*, 562 F.3d 674, 678 (5th Cir. 2009) (per curiam).  In light of the foregoing, the judgment of the district court is affirmed.

The district court's dismissal of Wallace's complaint as frivolous and for failure to state a claim counts as a "strike" under 28 U.S.C. § 1915(g).  *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).   Wallace has accumulated at least two other strikes.  *See Wallace v. Edwards*, No. 93-3651, 1994 WL 399144, at *1 (5th Cir. July 21, 1994) (unpublished) (per curiam); *see Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996).  Accordingly, he is prohibited from proceeding in forma pauperis in any civil action or appeal that is filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

Further, we warn Wallace that frivolous, repetitive, or otherwise abusive filings will invite the imposition of sanctions, which may include dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction.  *See Coghlan v. Starkey*, 852 F.2d 806, 817 n.21 (5th Cir. 1988) (per curiam).  Wallace should review any pending appeals and actions and move to dismiss any that are frivolous.

AFFIRMED; § 1915(g) BAR IMPOSED; SANCTION WARNING ISSUED.