# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1572

_____

Karl M. Schenk; Dr. Nancy Schenk,      *
                                  *
         Plaintiffs - Appellees,      *
                                  *   Appeal from the United States
     v.                               *   District Court for the
                                  *   District of South Dakota.
                                  *
Robert L. Chavis, individually and in      *
his official capacity as Yankton County,      *
South Dakota, State's Attorney,      *
                                  *
         Defendant - Appellant.      *

_____

Submitted: February 17, 2006
Filed: August 25, 2006

_____

Before BYE, HEANEY, and MELLOY, Circuit Judges.

_____

MELLOY, Circuit Judge.

Karl Schenk (Schenk) and his wife Dr. Nancy Schenk (Dr. Schenk), brought this action against Yankton County, South Dakota, State's Attorney Robert Chavis. The Schenks allege Chavis violated Schenk's civil rights by improperly prosecuting him. The district court found that Chavis was not entitled to summary judgment on

the question of whether Chavis was entitled to absolute or qualified immunity on all issues relevant to this appeal. We conclude that Chavis is entitled to absolute immunity for signing the criminal Complaint under oath, and thus, we reverse.

I.

Schenk was the chairman of the Yankton County Planning Commission (Planning Commission). In early 2002, Larry Ryken applied for a building permit for a livestock operation. Tom Fiedler, the Zoning Administrator, sought guidance from the Planning Commission and the Yankton County Commission (County Commission) on whether to grant the permit. A joint meeting of the Planning Commission and the County Commission was held on April 16, 2002. At that meeting, the Planning Commission and the County Commission both voted to recommend approval of the building permit.

Fiedler was also the secretary for the Planning Commission. In that capacity, he was responsible for taking the minutes of the Planning Commission's meetings. The prepared minutes of the April 16 meeting were distributed to the Planning Commission members. Under typical protocol, the minutes of Planning Commission meetings are voted on and approved at the next meeting. In this instance, however, the minutes of the April 16 meeting were not approved at the next meeting, which was in May. According to Schenk, the minutes were not approved at the next meeting because the Planning Commission had "heard that Mr. Chavis was conducting an investigation into those minutes."

On July 15, 2002, Guy Larson, a Yankton County taxpayer, filed an Application for Alternative Writ of Mandamus seeking to compel the approval and filing of the minutes of the April 16 meeting. In response, Schenk filed an affidavit in which he asserted that he had given minutes of the meeting to Chavis for his assessment as to whether the minutes were accurate. Chavis asserted that the minutes had not been

-2-

given to him and that he was not the reason the minutes had not been approved and filed. Chavis asserted that he reviewed his files and confirmed that the minutes had not been given to him. Based on this review, Chavis determined that Schenk's affidavit was false. Based on his belief that Schenk had filed a false affidavit, Chavis signed and filed on August 23, 2002, a criminal Complaint under oath charging Schenk with perjury.

Chavis recognized that he would likely be called as a witness in the criminal action against Schenk, thereby creating a conflict of interest. Chavis asked the Office of the Attorney General to assume responsibility for the case, but it refused. On September 16, 2002, following the denial of his request, Chavis moved for his own disqualification and for the appointment of an independent prosecutor. Chavis also sent a letter along with the motion to Judge Arthur Rusch of the First Judicial Circuit suggesting that Judge Rusch appoint Jeffrey Cole as the independent prosecutor. Judge Rusch refused to appoint an independent prosecutor because no Affidavit of Probable Cause had been filed.

On September 20, 2002, Chavis dismissed the Complaint. He also sent a letter to Judge Rusch informing him of the dismissal. Chavis then filed an Affidavit of Probable Cause on September 23, 2002. On approximately November 25, 2002, Judge Rusch appointed Tim Whalen to serve as Substitute State's Attorney in the Schenk matter.

Whalen convened a grand jury. Chavis testified before the grand jury. The grand jury indicted Schenk. Following a trial, a petit jury acquitted Schenk.

On October 15, 2003, the Schenks brought this action against Chavis, in both his official and individual capacities. The Schenks alleged Chavis violated Schenk's civil rights under 42 U.S.C. § 1983. The Schenks also brought tort claims under South Dakota state law for defamation and malicious prosecution and loss of

-3-

consortium under 42 U.S.C. § 1983. Chavis filed a motion for summary judgment on all of the claims. The district court granted Chavis's motion in part and denied it in part. Specifically, the district court ruled that Chavis was entitled to absolute immunity for his efforts to obtain and evaluate evidence in preparation for the initiation of a judicial proceeding. In this instance, that constituted reviewing the correspondence in Chavis's own files to determine what charges, if any, to make against Schenk. The district court also ruled that Chavis was entitled to absolute immunity for his witness testimony during the grand jury proceedings. Furthermore, the district court found that Chavis was entitled to summary judgment regarding the Schenks' claims of malicious prosecution, defamation, and loss of consortium. However, the district court found that Chavis was not entitled to absolute or qualified immunity on the question of whether he deliberately provided false information under oath in his sworn Complaint against Schenk. Chavis now brings this timely appeal.

## II.

We review a grant of summary judgment de novo. Mayorga v. Missouri, 442 F.3d 1128, 1131 (8th Cir. 2006) (reviewing de novo a grant of summary judgment based on absolute immunity).

The paramount task we must first address is identification of the issue presented on appeal. The Schenks and Chavis fundamentally disagree as to what the district court held. Chavis argues that the district court held that he was not entitled to absolute or qualified immunity for signing *the criminal Complaint* under oath.[1] He

---

[1]The Complaint, in pertinent part, states as follows:

That on or about the 22nd day of August, 2002, in the County of Yankton, State of South Dakota, KARL SCHENK, did commit the public offense of PERJURY (SDCL 22-29-1; SDCL 22-29-5(2)) in that said Defendant, having taken an oath that he will testify, declare, depose,

asserts that the district court's denial of immunity for signing the Complaint under oath was error. In contrast, the Schenks argue that the district court held that Chavis was not entitled to absolute or qualified immunity for signing *the Affidavit of Probable Cause* under oath.[2] They assert that the district court correctly held that the signing of the Affidavit under oath, which was filed after the original Complaint had been dismissed, was not a prosecutorial act, and thus not entitled to immunity.

A close review of 1) the Schenks' Complaint in this case, 2) the district court's statement listing the Schenks' claims, 3) the district court's analysis under the heading "Regarding the Sworn Complaint," and particularly 4) the district court's citation to Document 50, Exhibit 16, which is the Complaint and not the Affidavit, reveals what is at issue in this case: whether summary judgment on the question of absolute or qualified immunity for signing *the criminal Complaint* was appropriate.[3] Each of these documents indicates that the Schenks' original claim was that Chavis violated Schenk's constitutional rights by filing the Complaint, not by filing the Affidavit of Probable Cause. In fact, the Schenks argue that the Complaint was improper because the Complaint was filed without a corresponding affidavit. Accordingly, we do not

---

or certify truly before any competent tribunal, officer or person, in any of the cases in which such an oath may by law be administered, intentionally and contrary to such oath, stated material matters which he knew to be false.

The Complaint contains only a legal allegation. It does not state any facts or details regarding the incident at issue.

[2]The Affidavit of Probable Cause states the facts and details of the events and actions that, according to Chavis, support the appointment of a special prosecutor.

[3]We note that the district court's "Conclusion" refers to "Mr. Chavis' sworn affidavit." We also note that the district court's use of the phrase "complaining witness." Despite the confusion caused by this language, we conclude from the district court's actual analysis and the evidence cited above that the district court was denying summary judgment in regards to the Complaint.

address in this appeal whether Chavis would be entitled to absolute or qualified immunity for signing the Affidavit of Probable Cause under oath. Rather, we need only address whether Chavis is entitled to absolute or qualified immunity for signing the criminal Complaint under oath.

Prosecutors are entitled to absolute immunity from civil liability under § 1983 when they are engaged in prosecutorial functions that are "intimately associated with the judicial process." Anderson v. Larson, 327 F.3d 762, 768 (8th Cir. 2003). "[A]ctions connected with initiation of prosecution, even if those actions are patently improper" are immunized. Williams v. Hartje, 827 F.2d 1203, 1208 (8th Cir. 1987). However, purely administrative or investigative actions that do not relate to the initiation of a prosecution do not qualify for absolute immunity. Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993). "The question of whether absolute or qualified immunity applies depends on whether the prosecutor's acts were prosecutorial, investigatory or administrative in nature." Anderson, 327 F.3d at 768.

To determine whether absolute or qualified immunity applies to Chavis's actions, we "examine 'the nature of the function performed, not the identity of the actor who performed it.'" Kalina v. Fletcher, 522 U.S. 118, 127 (1997) (quoting Forrester v. White, 484 U.S. 219, 229 (1988)). Here, Chavis commenced a criminal action by filing a sworn criminal Complaint that was unsupported by other documents. Chavis dismissed the criminal charge against Schenk and then later filed an Affidavit of Probable Cause.

The acts of preparing, signing, and filing a criminal complaint constitute prosecutorial functions, as they are advocacy on behalf of the government. See Kalina, 522 U.S. at 129 (stating that "[the prosecutor's] activities in connection with the preparation and filing of two of the three charging documents - the information and the motion for an arrest warrant - are protected by absolute immunity."). As such, Chavis's filing of the criminal Complaint in this case constitutes a prosecutorial function. Chavis is therefore entitled to absolute immunity

-6-

from liability under § 1983 for filing the criminal Complaint against Schenk. <u>Anderson</u>, 327 F.3d at 768. Since Chavis is entitled to absolute immunity, we need not address whether he is entitled to qualified immunity.

Because we find that Chavis is entitled to absolute immunity regarding the § 1983 claims dealing with the filing of the August 23, 2002, criminal Complaint , we reverse the district court and remand for further proceedings not inconsistent with this opinion.

_____