# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1189

_____

Karl M. Schenk,                                 *
                                                *
          Plaintiff - Appellant,                *
                                                *
Dr. Nancy Schenk,                               *
                                                *
          Plaintiff,                            *
                                                * Appeal from the United States
          v.                                    * District Court for the District
                                                * of South Dakota.
Robert L. Chavis, Individually and in           *
his Official Capacity as Yankton                * [UNPUBLISHED]
County, South Dakota, State's                   *
Attorney,                                       *
                                                *
          Defendant - Appellee.                 *

_____

Submitted: November 15, 2007
Filed: January 15, 2008

_____

Before MELLOY, BRIGHT, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Following remand from an initial appeal to our court, Karl Schenk filed a motion for leave to amend his complaint. The district court[1] denied the motion and dismissed the complaint with prejudice. Schenk now appeals. Because the district court did not abuse its discretion, we affirm.

The facts of this case are set forth in our opinion from the first appeal. Schenk v. Chavis, 461 F.3d 1043, 1043-45 (8th Cir. 2006). We summarize them briefly here. Chavis was state's attorney for Yankton County, South Dakota, and Schenk was a member of a zoning commission in that county. Chavis filed a criminal complaint against Schenk alleging perjury based on statements Schenk had made regarding commission matters and regarding Chavis's involvement with those matters. Chavis would have been a witness against Schenk in the criminal case and therefore could not personally prosecute Schenk. The attorney general declined to assume responsibility for the case, and Chavis dismissed the criminal complaint. Chavis later filed an affidavit of probable cause in an effort to demonstrate to a state court judge that a case against Schenk held sufficient merit to justify the appointment of an independent prosecutor. The judge who received the affidavit subsequently appointed an independent prosecutor who pursued the case against Schenk. Following a criminal trial, a jury acquitted Schenk of all charges.

Subsequently, Schenk filed the present civil complaint against Chavis alleging federal civil rights violations and state law defamation claims. Chavis moved for summary judgment claiming absolute and qualified immunity and also claiming an entitlement to summary judgment on the merits as to the defamation claims. The district court granted in part and denied in part the motion for summary judgment, finding, in relevant part, that (1) absolute immunity shielded Chavis from suit as to his filing of the criminal complaint, (2) fact questions precluded resolution of immunity

---

[1]The Honorable John E. Simko, United States Magistrate Judge for the District of South Dakota, sitting by consent of the parties pursuant to 28 U.S.C. § 636(c).

-2-

issues surrounding Chavis's filing of the affidavit of probable cause, and (3) Chavis was entitled to summary judgment on the merits as to defamation claims involving statements that Chavis purportedly made after Schenk's criminal trial.

In the first appeal, we found that absolute prosecutorial immunity applied to claims arising from Chavis's filing of the criminal complaint. We also found that, notwithstanding the district court's ruling, Schenk had not stated any claims directed specifically towards Chavis's filing of the sworn affidavit of probable cause. Finally, we did not separately address the district court's grant of summary judgment on the merits of the state law defamation claims.

On remand, Schenk filed the present motion for leave to amend his complaint to add claims based on Chavis's filing of the affidavit of probable cause. Schenk filed this motion after the district court had ruled on the summary judgment motions, after our court issued the first opinion in this case, and more than two years after the deadline for such motions as set forth in the district court's scheduling order. The district court denied leave to amend and, as a result, dismissed the complaint with prejudice. Schenk appeals.

Our review of the district court's judgment in this case is for abuse of discretion. See Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc., 406 F.3d 1052, 1065 (8th Cir. 2005). Rule 15(a) of the Federal Rules of Civil Procedure governs motions for leave to amend pleadings and generally supports the liberal granting of such motions "when justice so requires." Rule 16(b), however, provides that scheduling orders limit the time for amending pleadings and that a schedule established by such an order "shall not be modified except upon a showing of good cause." In denying the motion for leave to amend, the district court not only determined that Schenk's motion for leave to amend was untimely, the district court specifically stated that the failure to recognize the need for amended claims at an

earlier date did not constitute good cause to excuse the untimeliness of his motion to amend.

We find no abuse of the district court's broad discretion. Schenk argues primarily that our prior opinion mandated a course of action by the district court, namely, that he be allowed to amend his complaint and proceed with claims based on Chavis's filing of the affidavit of probable cause. We disagree. Nothing in our prior opinion required the district court to permit the motion to amend. We held merely that the claims based on Chavis's filing of the criminal complaint could not proceed. We previously have held that district courts enjoy broad discretion under Rule 16(b) and in matters of trial management in general, and we repeat these holdings today. See Moses.com Sec., Inc., 406 F.3d at 1065-66 (8th Cir. 2005) (applying Rule 15(a) and affirming a denial of a motion for leave to file an untimely third amended complaint); Hammer v. City of Osage Beach, Mo., 318 F.3d 832, 844 (8th Cir. 2003) (stating that "[t]here is . . . no absolute right to amend a pleading," and affirming a denial of a motion for leave to amend filed after discovery had closed and after a defendant had moved for summary judgment); Dairy Farmers of Am., Inc. v. Travelers Ins. Co., 292 F.3d 567, 576 (8th Cir. 2002) ("A district court does not abuse its discretion in refusing to allow amendment of pleadings to change the theory of a case if the amendment is offered after summary judgment has been granted against the party, and no valid reason is shown for the failure to present the new theory at an earlier time.") (internal quotations omitted); In re Milk Prods. Antitrust Litig., 195 F.3d 430, 437-38 (8th Cir. 1999) (applying Rule 16(b) rather than Rule 15(a) and denying an untimely motion for leave to amend).

Schenk also presents arguments in the present appeal as to the district court's earlier decision to grant summary judgment to Chavis on the merits of Schenk's defamation claims. Schenk argues that at least some of the alleged statements by Chavis that gave rise to the defamation claims occurred after Schenk's criminal trial and lie outside the scope of our prior grant of immunity. We need not address the

question of whether our prior immunity ruling encompassed all of the defamation claims—Schenk's arguments as to the substance of these claims are without merit. In its initial ruling, the district court found that Schenk's claims were not adequately supported as required to survive summary judgment, and we agree with the district court's determination.

The judgment of the district court is affirmed.

_____