# United States Court of Appeals

## For the Eighth Circuit

_____

No. 12-2953

_____

Robert Saterdalen

*Plaintiff - Appellant*

v.

James Spencer; David Rikhus

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: May 16, 2013
Filed: August 5, 2013

_____

Before WOLLMAN, MURPHY, and SMITH, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Robert Saterdalen brought suit under 42 U.S.C. § 1983, alleging that detective David Rikhus submitted a false statement of probable cause to secure a warrant for Saterdalen's arrest and that assistant county attorney James Spencer approved the warrant application even though it lacked probable cause. The complaint alleged that the subsequent arrest and detention violated Saterdalen's constitutional rights. The

district court[1] granted Rikhus and Spencer's motion for judgment on the pleadings, holding that both officials were immune from suit. We affirm.

## I. Background

In February 2010, Saterdalen was a registered level III predatory offender subject to the reporting requirements of Minnesota Statutes § 243.166. Saterdalen was required to report his primary address and any secondary addresses located in Minnesota. Minn. Stat. § 243.166, subdiv. 4a(a)(1)-(2). At that time, Saterdalen had an ownership interest in a property located at 286 Guzman Crescent, Belize City, Belize. According to Saterdalen, he "would occasionally stay there when not staying at his primary address in Minnesota." He had not registered or reported the Belize address.

Rikhus sought a warrant for Saterdalen's arrest, alleging that Saterdalen had knowingly violated the state registration requirements or intentionally provided false information, in violation of Minnesota Statutes § 243.166, subdivision 5(a). In the statement of probable cause, Rikhus stated that he had been contacted by a special agent from the Bureau of Criminal Apprehension (BCA) predatory offender unit, who reported that Saterdalen had been taken into custody in Belize City for suspected criminal activity. The special agent forwarded to Rikhus a written statement by Saterdalen, wherein he "acknowledged that he bought a house in Belize City approximately 6 years ago and he spends his winter there." The statement of probable cause further provided,

> At no time has Saterdalen disclosed that he owns any property there and that this is his residence while he is in South America. By not providing this address in Belize, Saterdalen is in violation of his registration

---

[1]The Honorable Michael J. Davis, Chief Judge, United States District Court for the District of Minnesota.

requirements in that the BCA cannot mail a verification form to Saterdalen.

Rikhus signed the arrest warrant complaint under oath and before a notary public.

Spencer also signed the complaint, stating "[b]eing authorized to prosecute the offense charged, I approve this complaint." An Olmsted County district judge issued the arrest warrant on February 25, 2010, finding that "the above sworn facts" established probable cause for Saterdalen's arrest. Saterdalen was then arrested in Belize City and thereafter transported to Texas, where he was handcuffed, shackled, and transported by van to Olmsted County jail in Minnesota. Saterdalen's bail was set at $1 million.

On August 31, 2010, the chief deputy county attorney dismissed the complaint against Saterdalen for lack of probable cause, stating, "There is insufficient evidence for the State to prove its case beyond a reasonable doubt. [Saterdalen] was not obligated by Minnesota law to register a secondary address located outside the State of Minnesota."

Saterdalen's complaint alleged "that the Defendants did a malicious prosecution, resulting in an unreasonable seizure and unlawful detention of [Saterdalen], violating his rights under the Fourth and Fourteenth Amendments to the United States Constitution." Compl. ¶ 2. After Rikhus and Spencer answered the complaint, the district court ordered Saterdalen to file a reply, which he did. See Fed. R. Civ. P. 7(a)(7) (allowing a reply to an answer if the court orders one). Saterdalen attached as exhibits to his reply the arrest warrant complaint and its dismissal. The district court granted judgment on the pleadings, holding that Rikhus was entitled to qualified immunity and Spencer was entitled to absolute immunity.

## II. Discussion

We review *de novo* the district court's grant of judgment on the pleadings, applying the same standard of review as we apply to a dismissal under Federal Rule of Civil Procedure 12(b)(6). Gallagher v. City of Clayton, 699 F.3d 1013, 1016 (8th Cir. 2012). We accept the plaintiff's factual allegations as true and construe all reasonable inferences in favor of the plaintiff. Id. While courts generally may not consider materials outside the pleadings in deciding whether to grant a motion for judgment on the pleadings, courts may consider "some public records, materials that do not contradict the complaint, or materials that are 'necessarily embraced by the pleadings.'" Noble Sys. Corp. v. Alorica Cent., LLC, 543 F.3d 978, 982 (8th Cir. 2008) (quoting Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999)).

### A. Qualified Immunity

Saterdalen argues that Rikhus is not entitled to qualified immunity. Qualified immunity shields government officials from liability and the burdens of litigation in a § 1983 suit unless the official's conduct violates a clearly established constitutional or statutory right of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Brown v. City of Golden Valley, 574 F.3d 491, 495 (8th Cir. 2009). The question of qualified immunity thus "generally turns on the 'objective legal reasonableness' of the [official's] action, assessed in light of the legal rules that were 'clearly established' at the time it was taken." Anderson v. Creighton, 483 U.S. 635, 639 (1987) (internal citations omitted) (quoting Harlow, 457 U.S. at 819, 818).

"The Fourth Amendment right of citizens not to be arrested without probable cause is indeed clearly established." Kuehl v. Burtis, 173 F.3d 646, 649 (8th Cir. 1999). Where the alleged constitutional violation involves an arrest pursuant to a

warrant, "the fact that a neutral magistrate has issued a warrant is the clearest indication that the officers acted in an objectively reasonable manner[.]" Messerschmidt v. Millender, 132 S. Ct. 1235, 1245 (2012). That a warrant has issued, however, is not dispositive because "it is possible that a magistrate, working under docket pressures, will fail to perform as a magistrate should." Malley v. Briggs, 475 U.S. 335, 345-46 (1986). Accordingly, a civil rights suit against an officer who applied for a warrant may be maintained if "on an objective basis, it is obvious that no reasonably competent officer would have concluded that a warrant should issue[.]" Id. at 341.

As set forth above, Minnesota law requires that a level III predatory offender report his primary address and any "secondary addresses in Minnesota, including all addresses used for residential or recreational purposes." Minn. Stat. § 243.166, subdiv. 4a(a)(1)-(2). Saterdalen was not required to report his Belize address as a secondary address because it was not located in Minnesota. Accordingly, the question becomes whether no reasonably competent officer would have concluded that Saterdalen was required to report his Belize address as a primary address.

Minnesota's reporting statute defines "primary address" as "the mailing address of the person's dwelling." Id. § 243.166, subdiv. 1a(g). "'Dwelling' means the building where the person lives under a formal or informal agreement to do so." Id. § 243.166, subdiv. 1a(c). At the time Rikhus sought the arrest warrant, Minnesota courts had not interpreted whether the term "primary address" would include the mailing address of an out-of-state building where a person lives for months at a time.

We conclude that Rikhus is entitled to qualified immunity from suit. According to Rikhus's statement of probable cause, he had received information that Saterdalen spent his winters in Belize in a house that he had owned for approximately six years. In light of the facts known to Rikhus when he applied for the warrant and the ambiguity of the statutory language, we cannot say that no reasonably competent

-5-

officer would have applied for an arrest warrant. Stated differently, the belief that probable cause existed to arrest Saterdalen for failing to register his Belize address as his primary address—even if that belief was mistaken—was objectively reasonable. See Malley, 475 U.S. at 344-45 ("Only where the warrant application is so lacking in indicia of probable cause as to render official belief in its existence unreasonable, will the shield of immunity be lost." (internal citation omitted)); Amrine v. Brooks, 522 F.3d 823, 832 (8th Cir. 2008) ("Officers may also be entitled to qualified immunity if they arrest a suspect under the mistaken belief that they have probable cause to do so, provided that the mistake is objectively reasonable.").

Saterdalen argues that minimal further investigation by Rikhus would have revealed that Saterdalen had met his reporting requirements. See Kuehl, 173 F.3d at 650-51 (holding that an officer was not entitled to qualified immunity from suit when a "minimal further investigation" would have exonerated the suspect). According to his appellate brief, Saterdalen regularly reported his primary address in Minnesota by returning verification forms and likewise reported where he traveled by sending postcards to Rikhus. Had those facts been known, the argument goes, no reasonably competent officer would have applied for a warrant. Saterdalen thus does not dispute the factual allegations in the arrest warrant complaint—including the fact that he had not reported the Belize address—but instead contends that the additional information would have indicated that he had complied with the statute. While arguably "[t]he most reasonable interpretation of the statute is that the Belize Address was not a primary address because Saterdalen still had a Minnesota address to which he planned to return each year," D. Ct. Order of July 13, 2012, at 20, further investigation into Saterdalen's reporting practices would not have undermined the objectively reasonable interpretation of law that the Belize address constituted Saterdalen's primary address.

## B. Absolute Immunity

Saterdalen also argues that the district court erred in granting Spencer absolute immunity from suit.  "Prosecutors are absolutely immune from suits for damages arising out of their official duties in initiating and pursuing criminal prosecutions." Williams v. Hartje, 827 F.2d 1203, 1208 (8th Cir. 1987) (citing Imbler v. Pachtman, 424 U.S. 409 (1976)).  The defense may be unavailable when a prosecutor performs functions outside his role as an advocate.  Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993) (explaining that when a prosecutor acts as an administrator or "performs the investigative functions normally performed by a detective or police officer," the prosecutor is not entitled to absolute immunity).  Absolute immunity, however, covers actions taken to initiate a prosecution, "even if those actions are patently improper." Williams, 827 F.2d at 1208.

Saterdalen contends that Spencer is not immune from suit because no probable cause existed to support the warrant for his arrest.  Even if that were true, Spencer is nonetheless entitled to absolute immunity because his acts in reviewing and approving the complaint against Saterdalen were taken to initiate the criminal prosecution.[2]  See Schenk v. Chavis, 461 F.3d 1043, 1046 (8th Cir. 2006) ("The acts of preparing, signing, and filing a criminal complaint constitute prosecutorial functions, as they are advocacy on behalf of the government." (citing Kalina v. Fletcher, 522 U.S. 118, 129 (1997)); see also Buckley, 509 U.S. at 274 n.5 ("The reason that we grant [absolute immunity] for the latter function (malicious prosecution) is that we have found a common-law tradition of immunity for a prosecutor's decision to bring an indictment, whether he has probable cause or not." (parenthetical in original)).

---

[2]The complaint alleges that Spencer vouched for the truth of Rikhus's statement of probable cause when he approved and executed the arrest warrant complaint.  On appeal, Saterdalen does not challenge the district court's determination that Spencer did not vouch for the statement of probable cause.

## III.  Conclusion

The judgment is affirmed.

_____