# United States Court of Appeals
### For the Eighth Circuit

_____

No. 13-3224
_____

Christopher Bates

*Plaintiff - Appellant*

v.

Thomas Hadden, Individually and in his Official Capacity as Davenport Police
Officer; City of Davenport, Iowa

*Defendants - Appellees*
_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport
_____

Submitted: May 14, 2014
Filed: August 19, 2014
[Unpublished]
_____

Before SMITH, BEAM, and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

Christopher Bates was charged with certain Iowa state drug offenses based on
the investigation of Davenport, Iowa Police Officer Thomas Hadden. The state
prosecutor ultimately dismissed the charges. Thereafter, Bates filed suit against the
City of Davenport and Officer Hadden. Relevant to the present appeal, Bates brought

malicious prosecution and unconstitutional confinement claims against Officer Hadden under 42 U.S.C. § 1983. According to Bates, Officer Hadden initiated a false criminal complaint that resulted in Bates spending nearly five months in jail. The district court[1] granted summary judgment to Officer Hadden on all claims. We affirm.

## I. *Background*

In March 2010, Officer Hadden was a police officer working on assignment for the Metropolitan Enforcement Group, a consortium of law enforcement officers operating in the "Quad Cities" area.[2] Officer Hadden was based in Moline, Illinois. He received information from a confidential source that illegal drugs were being sold from a particular residence in Davenport. The source told him that three individuals were selling drugs there: an elderly woman named Augusta Lacy, a person named "Buddha," and a person named "Bill." The source gave Bill's phone number to Officer Hadden.

Officer Hadden conducted a known-associates search on the name "Augusta Lacy" and located a "Bill Lacy" in a law enforcement database. Officer Hadden found information about two different Bill Lacys: someone actually named Bill Lacy (whom the parties refer to as the "real Bill Lacy") and Christopher Bates. Officer Hadden did not conduct any research to determine Bates's residence, telephone number, or connection to Augusta Lacy. He similarly conducted no research on the "real Bill Lacy." Officer Hadden obtained a photo of Bates from a law enforcement database.

---

[1]The Honorable Celeste F. Bremer, Chief United States Magistrate Judge for the Southern District of Iowa, presiding by consent of the parties pursuant to 28 U.S.C. § 636(c).

[2]"Quad Cities" refers to the five-city metro area of Davenport and Bettendorf in Iowa, and Rock Island, Moline, and East Moline in Illinois.

After calling "Bill's" phone number, Officer Hadden set up a meeting at the Davenport residence with the man who answered the phone. Officer Hadden conducted a controlled buy from the man who answered Bill's phone number. The transaction lasted 15 to 20 seconds. Officer Hadden set up a second controlled buy with "Bill" on March 24, 2010; the second transaction took approximately 20 seconds. After the second buy, Officer Hadden reviewed the photograph of Bates and obtained a photo of the "real Bill Lacy." After comparing the photos, Officer Hadden was sure that the person that he bought drugs from was Bates.

On August 30, 2010, Officer Hadden initiated a criminal complaint against Bates. A magistrate approved the complaint and signed a warrant for Bates's arrest. On September 3, 2010, Bates was arrested. He did not qualify for pre-trial release or post bond. Based on Officer Hadden's account, on September 9, 2010, Kelly Cunningham, an assistant County Attorney for Scott County, Iowa, signed and filed an information accusing Bates of two counts of delivery of a controlled substance. During a deposition on December 2, 2010, Officer Hadden identified Bates as the person from whom he made the two controlled drug purchases on March 22 and 24.

In early December 2010, Bates's defense counsel presented Cunningham with medical and payroll records indicating that Bates had been working in Florida throughout March 2010 and was seen by a doctor in Florida on the mornings of March 23 and March 24. Cunningham dismissed the charges, and Bates was released from custody on January 26, 2011. Officer Hadden, nonetheless, maintains that Bates was the man who sold him drugs in two controlled buys.

Bates filed a seven-count complaint that alleged tort and § 1983 claims against Officer Hadden and the City of Davenport. The district court granted summary judgment in favor of Officer Hadden and the city on all claims. This appeal concerns Bates's § 1983 claims for malicious prosecution and unconstitutional confinement.

According to Bates, he has never lived in nor been to the Davenport residence that was the subject of the drug investigation. He also states that he has not met the "real Bill Lacy," but he "has seen photographs of the actual Bill Lacy, who does not resemble Bates." Bates avers that he has no connection to the phone number that Officer Hadden used to arrange the controlled drug purchases.

The district court found that Officer Hadden was entitled to qualified immunity on Bates's § 1983 claims. The court found that "[w]hen viewed in the light most favorable to Bates, the record does not contain any contrary or exculpatory evidence purposefully ignored by Hadden at the time of his investigation." Because Bates did not establish that Officer Hadden violated his constitutional or statutory rights, Officer Hadden was entitled to qualified immunity. The court nevertheless addressed and dismissed the claims on the merits as well, concluding that "there is no evidence that Officer Hadden purposefully ignored evidence at the time of Bates' investigation and arrest, or that he ignored any evidence that suggested Bates' innocence." As such, "Hadden did not deprive Bates of his rights under the Fourth or Fourteenth Amendments" and "summary judgment for Hadden is appropriate on all of Bates' section 1983 claims."

## II. *Discussion*

On appeal, Bates contends that the district court applied the wrong test to his malicious prosecution and unconstitutional confinement claims. According to Bates, if the court applies the correct test, "it is clear that genuine issues of material fact exist for each of these claims"; therefore, the district court erred by granting summary judgment in favor of Officer Hadden.

"This court reviews de novo a grant of summary judgment." *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc) (citation omitted).[3] "Officials being sued under § 1983 are entitled to qualified immunity for actions that did not violate a clearly established constitutional right at the time of the alleged violation such that reasonable officials acting in the officials' position would not have understood they were violating that right." *Harrington v. City of Council Bluffs, Iowa*, 678 F.3d 676, 680 (8th Cir. 2012) (citations omitted). "A right is clearly established when the contours of the right are sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Winslow v. Smith*, 696 F.3d 716, 738 (8th Cir. 2012) (quotation and citation omitted).

A. *Malicious Prosecution*

In a pair of 2001 decisions, we observed that malicious prosecution is not a constitutional injury. *See Kurtz v. City of Shrewsbury*, 245 F.3d 753, 758 (8th Cir. 2001) ("Moreover, this court has uniformly held that malicious prosecution by itself is not punishable under § 1983 because it does not allege a constitutional injury."); *Technical Ordnance, Inc. v. United States*, 244 F.3d 641, 650 (8th Cir. 2001) ("The general rule is that an action for malicious prosecution does not state a claim of constitutional injury."). As recently as 2012, we expressed uncertainty as to whether

---

[3]Bates asserts that "[s]ummary judgment is an extreme remedy which should be sparingly employed" and cites a number of precedents from the Supreme Court and this court to suggest that summary judgment should rarely be granted. *See Associated Press v. United States*, 326 U.S. 1, 6 (1945); *Butler v. MFA Life Ins. Co.*, 591 F.2d 448, 451 (8th Cir. 1979); *Giordano v. Lee*, 434 F.2d 1227, 1230 (8th Cir. 1970). However, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quotation and citation omitted). In *Torgerson*, we stated that summary judgment "is designed for every action"; therefore, panel statements to the contrary, such as those cited by Bates, "are unauthorized and should not be followed." *Torgerson*, 643 F.3d at 1043.

"malicious prosecution is a constitutional violation at all." *Harrington*, 678 F.3d at 679.

*Kurtz* and *Technical Ordnance* raise a high hurdle for Bates's § 1983 malicious prosecution claim. To surmount this obstacle, Bates points out that Officer Hadden's criminal complaint led to his incarceration and cites *Albright v. Oliver* for the proposition that "[m]alicious prosecution is a constitutional tort actionable under § 1983 and the Fourth Amendment, where it is accompanied by incarceration or other palpable consequence." (appellant's brief at 14) (citing *Albright v. Oliver*, 510 U.S. 266, 270–71 (1994)). Because *Albright* was decided in 1994, Bates asserts that "Hadden had more than sufficient notice that his conduct would violate[ ] Bates' civil rights." Bates also asserts that we have recognized that malicious prosecution is cognizable as a Fourth Amendment claim. *See Harrington*, 678 F.3d at 679.

Both citations are inapposite. In *Albright*, the Seventh Circuit—not the Supreme Court—opined that "prosecution without probable cause is a constitutional tort actionable under § 1983 only if accompanied by incarceration or loss of employment or some other palpable consequence." *Albright*, 510 U.S. at 270–71 (plurality opinion) (citing *Albright v. Oliver* 975 F.2d 343, 346–47 (7th Cir. 1992)). The *Albright* plurality expressly disagreed with the Seventh Circuit's reasoning. *Id.* ("[W]hile we affirm the judgment below, we do so on different grounds."). In *Harrington*, we specifically *declined to decide* whether a Fourth Amendment right against malicious prosecution exists. *Harrington*, 678 F.3d at 680 ("The Supreme Court in [*Albright*] declined to decide whether defendants have a Fourth Amendment right against malicious prosecution . . . . Our sister circuits have taken a variety of approaches on the issue of whether or when malicious prosecution violates the Fourth Amendment. We need not enter this debate now.") *Id.* (internal citations omitted).

Our precedents dictate that Officer Hadden is entitled to qualified immunity as to Bates's malicious prosecution claim. No "reasonable officials acting in [Officer

Hadden's] position would . . . have understood they were violating" Bates's constitutional right against malicious prosecution because no such constitutional right had been clearly established. *See Harrington*, 678 F.3d at 680.

## B. *Unconstitutional Confinement*

Bates contends that we should analyze his unconstitutional confinement claim under both the Fourth and Fourteenth Amendments because "[t]he point where a Fourth Amendment seizure ends and Fourteenth Amendment detention begins is unsettled." In his complaint, Bates alleges that

> 36. [Officer Hadden] violated [Bates's] constitutional rights by affirmatively and continuously maintaining that [Bates] was the suspect who sold [Officer Hadden] crack cocaine during the aforementioned controlled buys. As a result, [Bates] was falsely imprisoned on said criminal offenses.

> * * *

> 38. [Officer Hadden] unlawfully initiated, facilitated, encouraged, and/or acquiesced in the procurement of [Bates] for purposes of detaining him on the aforementioned criminal charges.

> * * *

> 40. The charges brought against [Bates] lacked the requisite probable cause to accuse [Bates] of the above referenced crimes and were brought with malice and otherwise in reckless disregard of the rights of [Bates].

The factual allegations in Bates's complaint closely track the Fourth and Fourteenth Amendment claim that the Supreme Court considered in *Malley v. Briggs*, 475 U.S. 335 (1986). In *Malley*, state police intercepted a phone call revealing that a number of individuals smoked marijuana at the defendants' home. *Id*. at 337–38. A state police officer filed a felony complaint against the defendants, alleging a

violation of the state's drug laws, and secured a warrant from a state judge for their arrest. *Id.* at 338. They were arrested and detained, but a grand jury ultimately chose not to indict them. *Id.* They sued the officer, alleging "that [the officer], in applying for warrants for their arrest, violated their rights under the Fourth and Fourteenth Amendments." *Id.* The Court held that "objective reasonableness . . . defines the qualified immunity accorded an officer whose request for a warrant allegedly caused an unconstitutional arrest. Only where the warrant application is so lacking in indicia of probable cause as to render official belief in its existence unreasonable will the shield of immunity be lost." *Id.* at 344–45 (internal citation and footnote omitted).

On appeal, Bates argues at some length that he has "refuted" Officer Hadden's prior identification of Bates as the seller during the March 2010 controlled buys because he does not look anything like the "real Bill Lacy." Officer Hadden maintains that he is certain that Bates was the seller. Bates contends that because he has refuted Officer Hadden's identification, Officer "Hadden is maintaining this self-serving position to avoid exposure to liability and summary judgment should be denied on those grounds alone." (Emphasis and footnote omitted.)

We can only assume that Bates is readily distinguishable from the "real Bill Lacy." Indeed there is no factual dispute on this point. When Officer Hadden compared photos of Bates and the "real Bill Lacy," Officer Hadden identified Bates—not Lacy—as the seller. The *material* question is whether Officer Hadden was objectively unreasonable in identifying Bates as the March 2010 drug seller. The seller need not have been the "real Bill Lacy." The parties do not really disagree on this point either; Officer Hadden asserts that the "real Bill Lacy" was not the seller and Officer Hadden raises no allegation to the contrary. We agree with the district court's conclusion that

> the record still fails to contain any showing that further research into the
> "real" Bill Lacy would have exculpated Bates and invalidated Hadden's

eyewitness identification from the controlled buys. . . . Bates has made no showing in the record that he and the actual seller with whom Hadden interacted (assuming it was a different person) were so indistinguishable that no reasonable police officer would have taken steps to investigate Bates and to procure a warrant for his arrest.

It is well settled that an officer may be mistaken as to whether probable cause to support a warrant exists without being objectively unreasonable. *See, e.g., Saterdalen v. Spencer*, 725 F.3d 838, 842 (8th Cir. 2013); *Brockinton v. City of Sherwood, Ark.*, 503 F.3d 667, 672 (8th Cir. 2007). While Officer Hadden may have been *mistaken* in his identification of Bates, Bates has presented no evidence that this mistake was objectively unreasonable. Because Officer Hadden was not objectively unreasonable in believing that probable cause existed to support a warrant for Bates's arrest, he is entitled to qualified immunity on Bates's unconstitutional confinement claim. *See Malley*, 475 U.S. at 344–45.

III. *Conclusion*

Accordingly, we affirm the judgment of the district court.

_____