# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-3213
_____

David J. Sample

*Plaintiff - Appellant*

v.

City of Woodbury; Mark J. Vierling; Sean P. Stokes; Rebecca Christensen;
Joseph Van Thomme; Eckberg, Lammers, Briggs, Wolff & Vierling, PLLP

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Minnesota - Minneapolis

_____

Submitted: June 15, 2016
Filed: September 6, 2016

_____

Before MURPHY and SHEPHERD, Circuit Judges, and PERRY[1], District Judge.

_____

PERRY, District Judge.

David J. Sample brought this lawsuit under 42 U.S.C. § 1983 against the City of Woodbury ("the City") and City prosecutors. Sample alleged that the City's failure

---

[1]The Honorable Catherine D. Perry, United States District Judge for the Eastern District of Missouri, sitting by designation.

to develop a conflict-of-interest policy led to a violation of his constitutional rights when the prosecutors filed a criminal complaint against him while simultaneously representing the victim of his alleged crime in separate civil actions. The prosecutors – Mark J. Vierling, Sean P. Stokes, Rebecca Christensen, and Joseph Van Thomme – are private attorneys from the law firm of Eckberg, Lammers, Briggs, Wolff & Vierling, PLLP (together, "the Attorneys"). Under contract with the City, the Eckberg law firm and its lawyers prosecute certain criminal matters on the City's behalf.

The district court granted the City's and the Attorneys' separate motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), finding that absolute immunity barred Sample's federal constitutional claims as well as various of his supplemental state law claims. The district court dismissed a remaining state law claim under Minnesota's doctrine of statutory discretionary immunity. Sample appeals the district court's decision as it relates to absolute immunity. We affirm in part, reverse in part, and remand.

I.

Sample's complaint alleges the following facts, which we must accept as true when analyzing whether the district court correctly ruled the defendants' Rule 12(b)(6) motions to dismiss. *Gorog v. Best Buy Co.*, 760 F.3d 787, 792 (8th Cir. 2014); *Hafley v. Lohman*, 90 F.3d 264, 266 (8th Cir. 1996).

On August 29, 2013, the Woodbury Police Department responded to a 911 call at Sample's residence regarding an incident in which a woman, J.D., claimed that Sample had assaulted her. Attorney Vierling of the Eckberg law firm obtained copies of the police reports regarding the incident and, on September 26, attorney Christiansen of the Eckberg law firm filed a criminal complaint against Sample on behalf of the City. At the time the criminal complaint was filed, Vierling and the Eckberg law firm represented J.D. in a domestic civil action in Hennepin County

District Court. The Eckberg law firm later asked another firm to prosecute the criminal case against Sample, citing that it had a conflict of interest.

Sample filed a motion to dismiss the City's charges against him. In August 2014, the state court granted Sample's motion and dismissed the criminal complaint, finding that the Eckberg law firm engaged in prosecutorial misconduct when it brought criminal charges against Sample on behalf of the City while simultaneously representing the alleged victim in domestic civil actions, including in an action seeking an order for protection against Sample. The state court found that this misconduct violated Sample's constitutional right to due process.

Sample then brought this section 1983 action in federal district court, alleging that the Attorneys' filing of criminal charges against him while acting under a conflict of interest, and the City's failure to have a conflict policy in place, violated his constitutional rights. Sample also raised supplemental state law claims against all defendants for abuse of process, malicious prosecution, and negligent failure to train and to establish a conflicts policy. The City and the Attorneys filed separate Rule 12(b)(6) motions to dismiss the complaint for failure to state a claim, which the district court granted after a hearing. Specifically, the district court held that the Attorneys enjoyed absolute prosecutorial immunity as to Sample's section 1983 claim as well as to his claims of abuse of process, malicious prosecution, and negligent failure to establish a conflicts policy; and that the City enjoyed derivative absolute immunity on the claims. The district court further found that the doctrine of statutory discretionary immunity under Minnesota law barred Sample's remaining claim of negligent failure to train. The district court thus dismissed Sample's complaint in its entirety and entered final judgment thereon.

Sample now appeals the district court's dismissal of his complaint, arguing that the district court erred in finding absolute immunity to bar his claims.[2] We review *de novo* the district court's grant of a Rule 12(b)(6) motion to dismiss. *Gorog*, 760 F.3d at 792.

## II.

"[A]bsolute immunity defeats a suit at the outset, so long as the official's actions were within the scope of the immunity." *Imbler v. Pachtman*, 424 U.S. 409, 419 n.13 (1975). Where an official's challenged actions are protected by absolute immunity, dismissal under Rule 12(b)(6) is appropriate. *Patterson v. Von Riesen*, 999 F.2d 1235, 1237 (8th Cir. 1993).

Prosecutors enjoy absolute immunity in their review of and decisions to charge a violation of the law. *Imbler*, 424 U.S. at 420-27, 431. Absolute immunity protects prosecutors against claims arising from their initiation of a prosecution and presenting a criminal case "insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.'" *Burns v. Reed*, 500 U.S. 478, 486 (1991) (quoting *Imbler*, 424 U.S. at 430). Because the immunity depends upon the functional nature of the prosecutor's activities, allegations of improper motive in the performance of prosecutorial functions will not defeat its protection. *Myers v. Morris*, 810 F.2d 1437, 1446 (8th Cir. 1987), *abrogated on other grounds, Burns v. Reed*, 500 U.S. 478 (1991). *See also Reasonover v. St. Louis Cnty.*, 447 F.3d 569, 580 (8th Cir. 2006).

---

[2]Sample does not challenge the district court's conclusion that his claim of negligent failure to train is barred by statutory discretionary immunity. Sample has thus waived any challenge to the district court's finding in this regard. *XO Mo., Inc. v. City of Maryland Heights*, 362 F.3d 1023, 1025 (8th Cir. 2004) (by failing to raise issue on appeal, party waived challenge to court's determination on issue).

Sample does not challenge the functional nature of a prosecutor's action in filing a criminal complaint and acknowledges that absolute immunity protects this conduct. He argues, however, that the Attorneys' filing of the complaint here fell outside the scope of their prosecutorial duties because it was done only to advance the claims of their client, J.D., in other civil actions. Absolute immunity, however, "is not defeated by allegations of malice, vindictiveness, or self-interest," *Reasonover,* 447 F.3d at 580, and applies even if the prosecutor's steps to initiate a prosecution are patently improper. *Saterdalen v. Spencer*, 725 F.3d 838, 842 (8th Cir. 2013). Allegations of unethical conduct and improper motive in the performance of prosecutorial functions do not defeat the protection of absolute immunity. *Myers*, 810 F.2d at 1446.

There is no question that the Attorneys' filing of criminal charges against Sample was an action intimately associated with the judicial phase of the criminal process. *See Imbler*, 424 U.S. at 430; *Malley v. Briggs*, 475 U.S. 335, 342-43 (1986). Whatever their motives may have been – including the advancement of another client's interests – the Attorneys' conduct in filing the charges is protected by absolute immunity. *See Cleavinger v. Saxner*, 474 U.S. 193, 200-01 (1985) (application of absolute immunity not affected by motives with which protected acts are performed). The district court properly dismissed these claims against the Attorneys.

The district court likewise properly found that absolute immunity barred Sample's section 1983 and negligence claims to the extent they alleged that the Attorneys wrongfully failed to develop a conflicts policy. While the claims on their face appear to allege a defect in an administrative duty, which would remove the protection of absolute immunity, the district court properly found that the development of a conflicts policy and the determination as to what constitutes a conflict of interest would necessarily require legal knowledge and the exercise of related discretion, features to which the doctrine of absolute immunity applies. *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009).

Because the Attorneys enjoyed absolute prosecutorial immunity from suit on Sample's claims, the district court did not err in dismissing Sample's complaint against the Attorneys under Rule 12(b)(6) for failure to state a claim.

## III.

Unlike government officials, municipalities do not enjoy absolute immunity from suit under section 1983. *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163 (1993). Accordingly, the district court erred in holding that the City was absolutely immune from suit on Sample's claims.

In finding absolute immunity to bar Sample's claims, the district court did not distinguish the claims against the Attorneys from those against the City. It simply held all claims were barred by the doctrine. In *Leatherman*, however, the Supreme Court made it "quite clear that, unlike various government officials, municipalities do not enjoy immunity from suit – either absolute or qualified – under § 1983." 507 U.S. at 166. The Supreme Court based this clear statement on previous decisions, including *Owen v. City of Independence, Mo.*, 445 U.S. 622 (1980), where it reasoned:

> How "uniquely amiss" it would be . . . if the government itself — "the social organ to which all in our society look for the promotion of liberty, justice, fair and equal treatment, and the setting of worthy norms and goals for social conduct" — were permitted to disavow liability for the injury it has begotten. A damages remedy against the offending party is a vital component of any scheme for vindicating cherished constitutional guarantees, and the importance of assuring its efficacy is only accentuated when the wrongdoer is the institution that has been established to protect the very rights it has transgressed. Yet owing to the qualified immunity enjoyed by most government officials, many victims of municipal malfeasance would be left remediless if the city were also allowed to assert a good-faith defense. Unless countervailing considerations counsel otherwise, the injustice of such a result should not be tolerated.

*Id.* at 650 (internal citations and footnote omitted). Although the City laudably argues that extending absolute immunity to municipalities would further the underlying policy governing immunity protections to prosecutors, we cannot ignore the Supreme Court's explicit holding in *Leatherman* that absolute immunity does not apply to municipalities. Nor can we ignore its reasoning in *Owen.*

Municipalities already enjoy some protection in that they can only be liable under section 1983 if municipal policy or custom caused the unconstitutional injury. *See Leatherman*, 507 U.S. at 166 (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). Extending immunity protections to municipalities as the City proposes would leave innocent persons harmed by the abuse of governmental authority without a remedy for compensation for their injury. *See Owen*, 445 U.S. at 650, 657.

Simply stated, absolute immunity does not bar Sample's claims against the City.[3]

---

[3]Our decision today addresses only the doctrine of absolute immunity as applied to municipalities, because that is the only basis upon which the district court determined Sample's claims against the City to be barred. We do not express an opinion on whether, or the extent to which, *respondeat superior* liability plays a role in Sample's section 1983 claim challenging the City's policy, or lack of policy; or whether additional bases exist for dismissal of Sample's supplemental state law claims. *See Leatherman*, 507 U.S. at 166 (freedom from *respondeat superior* liability distinguished from immunity from suit).

Nor does today's decision conflict with *Patterson v. Von Riesen*, 999 F.2d 1235 (8th Cir. 1993), where a panel of this court found the dismissal of claims against a county to be proper where its prosecutors were absolutely immune from suit. *Id.* at 1238. In *Patterson* the court relied on a *respondeat superior* theory to find the county not liable. *Id.* at 1238 n.2. As stated in *Leatherman* and as noted above, immunity from suit and freedom from *respondeat superior* liability are separate doctrines.

We therefore reverse the district court's finding that the City is absolutely immune from suit on Sample's section 1983 and supplemental state law claims and remand the matter for further proceedings on Sample's claims against the City.

IV.

For the foregoing reasons, the judgment of the district court is affirmed in part and reversed in part, and the case is remanded to the district court for further proceedings consistent with this opinion.

_____

Because the latter doctrine was not addressed in the district court and has not been developed on this appeal, we express no opinion on its application to the circumstances of this case.