# United States Court of Appeals

## For the Eighth Circuit

_____

No. 18-2830

_____

Judy K. Jones

*Plaintiff - Appellant*

v.

Steven Bowers, et al.

*Defendants - Appellees*

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: November 19, 2019
Filed: November 22, 2019
[Unpublished]

_____

Before LOKEN, WOLLMAN, and KELLY, Circuit Judges.

_____

PER CURIAM.

Judy Jones appeals the district court's[1] orders dismissing her 42 U.S.C. § 1983 claims arising from the midwife care she provided to a Nebraska infant who died

_____

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

shortly after birth. Jones filed the complaint after criminal charges against her were dismissed in state court. She alleged that County Attorneys Steven Bowers and Glenn Clark violated her Fourteenth Amendment rights by filing, without probable cause, criminal charges of manslaughter and practicing medicine without a license. We agree with the district court that these claims were barred by absolute immunity. See Sample v. City of Woodbury, 836 F.3d 913, 916 (8th Cir. 2016).

In an amended complaint, Jones alleged that investigating Nebraska State Patrol officers Jeff Rogers and Chris Kober violated her Fourteenth Amendment rights by recklessly investigating, manufacturing evidence, and participating in a civil conspiracy. On appeal, Jones argues the district court erred in dismissing the reckless investigation claims as time-barred because she was the victim of a continuing violation; we agree with the district court that "Jones's argument that she continuously suffered harm . . . does not make it a continuing violation." We further agree that Jones did not plead a factually plausible claim of manufactured evidence because the amended complaint did not specify the allegedly false information. The conspiracy claim was properly dismissed because the underlying constitutional claims failed. See Riddle v. Riepe, 866 F.3d 943, 949 (8th Cir. 2017).

Accordingly, the judgment of the district court is affirmed. See 8th Cir. R. 47B.

_____