# United States Court of Appeals

## For the Eighth Circuit

_____

No. 21-2904

_____

Mary Louise Smith; Tiffany E. Smith

*Plaintiffs - Appellants*

v.

Asa Hutchinson, in his official capacity as Governor of the State of Arkansas; Arkansas Department of Human Services; Cindy Gillespie, in her official capacity as Director of the Arkansas Department of Human Services; William J. Bryant, in his official capacity as Director of the Arkansas State Police; Jeffrey Drew, Individually and in his official capacity as the Commander of the Crimes Against Children Division (CACD) of the Arkansas State Police; Katherine Chalpecka, Individually and in her official capacity as Investigator of the Crimes Against Children Division (CACD) of the Arkansas State Police; Ashley Hodges, Individually as school nurse at Carroll Smith Elementary School; Dee Wallace, Individually as Assistant Principal at Carroll Smith Elementary School; Tiffany Smithey, Individually as Principal at Carroll Smith Elementary School; John Does, Individually and in their official capacities as former Board members of the Osceola School District; Michael Cox, former Superintendent of Osceola School District; Alfred Hogan, Individually as Superintendent of the Osceola School District; Terry Hodges, Lt., Individually and in his official capacity as an Investigator for the Osceola Police Department

*Defendants - Appellees*

David Gladden, Individually and in his official capacity as Chief of Police for the Osceola Police Department

*Defendant*

City of Osceola, Arkansas

*Defendant - Appellee*

Dickie Kennemore, Individually and in his official capacity as Mayor of Osceola Arkansas; Sam Pollock, Individually and in his official capacity as a Patrolman for the Osceola Police Department

*Defendant*s

Dunkin, Individually and in his official capacity as a Patrolman for the Osceola Police Department (originally named as Duncan); Gonzalez, Individually and in his official capacity as a Sergeant for the Osceola Police Department; Sandra Landry, Individually and as Principal of North Elementary School; Pamela Smith, faculty member of North Elementary School; Sylvia Wear, Individually and in her official capacity as Supervisor of DHS; Families Inc.

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Northern

_____

Submitted: December 14, 2022
Filed: March 1, 2023
[Unpublished]

_____

Before SMITH, Chief Judge, GRUENDER and STRAS, Circuit Judges.

_____

PER CURIAM.

A child told a school nurse that his foster parents, Mary and Tiffany Smith, hit him. When the dust settled, the Smiths filed a broad-ranging complaint against an array of defendants, from school officials to the Governor of Arkansas. The

district court[1] dismissed some claims on the pleadings and the rest at summary judgment.  We affirm.

The claims fall into six broad categories.  The first are against Arkansas itself.  Some target state employees in their official capacity, but sovereign immunity prevents the recovery of damages against them.  *See Murphy v. Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997).  Others are against a state agency, but those cannot be brought in federal court regardless of the remedy sought.  *See Monroe v. Ark. State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007) (clarifying that state entities cannot be sued under *Ex parte Young*).

The next group also includes official-capacity claims, except the local police officers and school employees who investigated the alleged abuse are the focus.  Missing, however, is an allegation of an unconstitutional "policy or custom." *Grayson v. Ross*, 454 F.3d 802, 810–11 (8th Cir. 2006) ("Official-capacity liability under 42 U.S.C. § 1983 occurs only when a constitutional injury is caused by a 'government's policy or custom . . . .'" (quoting *Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 694 (1978)).  No policy or custom means no liability.  *See id.*

The Smiths made it to summary judgment on their individual-capacity claims, but those ultimately fail too.  School officials had reasonable suspicion to believe that the Smiths were abusing their foster child, so qualified immunity shields them from liability.  *See Stanley v. Hutchinson*, 12 F.4th 834, 840 (8th Cir. 2021) (holding that actions leading to the removal of children from the home violate the Constitution only when there is no reasonable suspicion of abuse).  The same goes for the state official who investigated additional allegations of abuse and shared her findings with the police.  *See id.*  And finally, the police investigator who had access to those findings had arguable probable cause to launch his own investigation.  *See Schaffer*

---

[1]The Honorable D. P. Marshall, Jr., Chief Judge, United States District Court for the Eastern District of Arkansas.

*v. Beringer*, 842 F.3d 585, 592–93 (8th Cir. 2016) (explaining that officers receive qualified immunity when arguable probable cause exists).

We reach a similar conclusion about the fourth group of claims, which arise out of Mary's arrest for allegedly violating a court order that prevented her from interacting with children. The school employees who called the police thought the order was still in effect when she visited her granddaughter, so at most they made a reasonable mistake. *Cf. Thurairajah v. City of Fort Smith*, 925 F.3d 979, 983 (8th Cir. 2019) (explaining how qualified immunity applies even when officers make a reasonable mistake). The officers who later arrested Mary are immune because they were acting under a valid arrest warrant. *See Saterdalen v. Spencer*, 725 F.3d 838, 841 (8th Cir. 2013) ("Where the alleged constitutional violation involves an arrest pursuant to a warrant, 'the fact that a neutral magistrate has issued a warrant is the clearest indication that the officers acted in an objectively reasonable manner.'" (brackets omitted) (quoting *Messerschmidt v. Millender*, 565 U.S. 535, 546–47 (2012)).

The Smiths also try to hold Families, Inc., a private party, liable for allegedly withholding exculpatory medical records from investigators. It is true that private parties can conspire with state actors to commit a constitutional violation. *See Harrison v. Springdale Water & Sewer Comm'n*, 780 F.2d 1422, 1426 n.4 (8th Cir. 1986). But here, there are no facts "plausibly suggesting" that such a conspiracy existed. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007).

Lastly, we address the state claims. The decision declining to exercise supplemental jurisdiction over them was not an abuse of discretion. *See In re Canadian Import Antitrust Litig.*, 470 F.3d 785, 792 (8th Cir. 2006).

We accordingly affirm the judgment of the district court and deny all pending motions.

_____