Robert K. REKO, as Trustee for the surviving spouse, heirs, and next of kin of Darla Reko, deceased, Creditor,

v.

CREATIVE PROMOTIONS, INC., Debtor,

v.

Atlantic Mutual Insurance Company, Garnishee,

and

Lori Leiner, as Trustee for the next of kin of Rita M. Thorson, deceased, Creditor,

v.

Creative Promotions, Inc., Debtor,

v.

Atlantic Mutual Insurance Company, Garnishee.

Civil Nos. 99–588 ADM/AJB, 99–607 ADM/AJB.

United States District Court, D. Minnesota.

Aug. 6, 1999.

Stephen P. Watters, Rider Bennett Egan & Arundel, Minneapolis, MN, Joel Dean Rath, Rath Law Office, Edina, MN, for Robert K. Reko.

James S. Ballentine, Schwebel Goetz & Sieben,Minneapolis, MN, for Lori Leiner.

Amy Rich Paulus, Clausen Miller Gorman Caffrey & Witous, Chicago, IL, Robert E. Kuderer, Matthew Mark Johnson, Johnson & Condon Edina, MN, for Atlantic Mutual Insurance Co.

## MEMORANDUM OPINION AND ORDER

MONTGOMERY, District Judge.

### I. INTRODUCTION

The above–entitled matter is before the undersigned United States District Judge pursuant to Atlantic Mutual Insurance Company's ("Atlantic Mutual") Appeal of Magistrate Judge Arthur J. Boylan's June 10, 1999, Order to Remand to State Court. Atlantic Mutual requests that the Court reverse the portions of Judge Boylan's Order that apply 28 U.S.C. § 1332(c)(1) to a Minnesota garnishment proceeding, thereby finding that diversity jurisdiction is lacking. Atlantic Mutual also moves to strike portions of Robert K. Reko's Brief in Opposition to Atlantic Mutual's Appeal. For the reasons set forth below, the Court strikes portions of Reko's brief and affirms the Order.

### II. BACKGROUND

██ This litigation arises out of an airplane crash which killed Darla Reko and Rita Thorson, both Minnesota residents. Robert Reko ("Reko"), the trustee for the surviving spouse, heirs, and next of kin of Darla Reko and Lori Leiner ("Leiner"), the trustee for the next of kin of Rita Thorson entered into Miller–Shugart settlement agreements with Creative Promotions, Inc. ("CPI"), a Minnesota corporation, when its liability insurer refused to defend or provide coverage. Under these circumstances Minnesota allows the plaintiff–claimant and the defendant–insured to enter into a settlement, which is collectible only from the insurer. See Miller v. Shugart, 316 N.W.2d 729 (Minn.1982). The plaintiff may then proceed with a garnishment action seeking to establish coverage and collect the judgment. See Koehnen v. Herald Fire Ins. Co., 89 F.3d 525 (8th Cir.1996).

Pursuant to the February 23, 1999, Miller–Shugart agreement, the Reko trustee served a state court garnishment summons

on Atlantic Mutual, CPI's insurer. In response, Atlantic Mutual filed a Non–Earnings Disclosure denying any duty to indemnify CPI. On April 14, 1999, Atlantic Mutual filed a motion to remove to this court. Reko and Thorson trustees filed a motion to remand to state court alleging: (1) the removal was procedurally improper, and (2) diversity jurisdiction is lacking under 29 U.S.C. § 1332. Judge Boylan granted the motions on June 10, 1999. On June 18, 1999, Atlantic Mutual filed a Notice of Appeal and brief in support thereof. On July 2, 1999, Reko filed a brief in opposition to Atlantic Mutual's appeal from Magistrate Judge Boylan's Order.[1] On July 12, 1999, Atlantic Mutual moved to strike untimely portions of Reko's brief.

## III. DISCUSSION

### A. Motion to Strike Portions of Reko's Brief

Atlantic Mutual moves to strike portions of Reko's Reply brief, including Section III, as an untimely appeal of Judge Boylan's Order. In addition to responding to Atlantic Mutual's appeal, Reko argues in Section III, that Judge Boylan incorrectly determined that a garnishment summons does not constitute an "initial pleading" within the meaning of 28 U.S.C.A. § 1446(b). This was essentially an independent appeal of the order. Under L.R. 72.1(b)(2), "[a]ny party may appeal from a Magistrate Judge's determination made under this rule within 10 days after service of the Magistrate Judge's order, unless a different time is prescribed by the Magistrate Judge or a Judge." Judge Boylan issued his Order on June 10, 1999. Reko filed its brief on July 2, 1999. This is outside the ten–day statutory deadline. Therefore, the second paragraph on page 1, Section III on pages 7–9, and the last sentence on page 10 are hereby ordered stricken from Reko's brief.

### B. Standard of Review

 The standard of review applicable to an appeal of a magistrate judge's order on a nondispositive issue is extremely deferential. The district court must affirm an order by a magistrate judge unless it is "clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a); *see also Banbury v. Omnitrition Int'l Inc.*, 818 F.Supp. 276, 279 (D.Minn.1993). "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Chakales v. Commissioner of Internal Revenue*, 79 F.3d 726, 728 (8th Cir.1996).

### C. Atlantic Mutual's Appeal of Magistrate's Order

Atlantic Mutual appeals, arguing that Judge Boylan's Order incorrectly applied 28 U.S.C. § 1332(c)(1) to the present actions, thereby finding that diversity jurisdiction to be lacking. Atlantic Mutual argues that § 1332(c)(1) does not apply to the present garnishment proceeding because it was not brought under any "direct action" statute.

 Subdivision (c)(1) of the diversity jurisdiction statute states:

a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the state where it has its principal place of business, except that in any direct action against the insurer of a policy … to which action the insured is not joined as a party defendant, such insurer shall be deemed a citizen of the state of which the insured is a citizen …

28 U.S.C. § 1332(c)(1). This clause was adopted in response to "direct action" statutes adopted in Louisiana and Wisconsin allowing direct actions by persons injured

---

1. On July 2, 1999, Leiner filed a "Notice of Joinder in Robert K. Reko's Opposition to Atlantic Mutual's Appeal." Atlantic Mutual also moves to strike the same portions of Leiner's brief.

in automobile accidents against liability insurers. *See Boston v. Titan Indem. Co.,* 34 F.Supp.2d 419, 422–23 (N.D.Miss.1999). The effect of the direct action statute was to create diversity jurisdiction in cases where both the tortfeasor and the injured party were residents of one state, but the tortfeasor's insurer was a resident of another state. *See Northbrook Nat'l Ins. Co. v. Brewer,* 493 U.S. 6, 110 S.Ct. 297, 107 L.Ed.2d 223 (1989). The amendment to the diversity statute was adopted because such a result was not within the spirit or intent of diversity jurisdiction. *See Prendergast v. Alliance Gen. Ins. Co.,* 921 F.Supp. 653, 655 (E.D.Mo.1996).

 Atlantic Mutual argues that Minnesota law does not permit direct actions, thus § 1332(c)(1) is inapplicable. It is well-settled in Minnesota that an injured third party claimant cannot sue an insurer directly, but must first obtain a judgment against the insured. *See Morris v. American Family Mut. Ins. Co.,* 386 N.W.2d 233, 237 (Minn.1986). However, Minnesota statute § 571.75, subd. 4 acts as a direct action statute when the underlying lawsuit was resolved by a Miller–Shugart settlement because it allows the third party to bring suit against the insurer. *See* Minn. Stat.Ann. § 571.75, subd. 4. Although there are several procedural steps that must be taken before the third party can bring suit against the insurer, the procedure ultimately results in a direct action.

In ruling that § 1332(c)(1) applies to Minnesota garnishment proceedings, Judge Boylan followed Congress' intent. When the injured party and the insured are citizens of the same state, as in the present cases, Congress has expressed an intent that the insurer should not create diversity jurisdiction to bring the case in federal court. To find that the Minnesota garnishment procedure in the context of a Miller–Shugart settlement is not a "direct action" within the meaning of § 1332(c)(1) would defeat the congressional intent.

The Court affirms Judge Boylan's June 10, 1999 Order remanding the present cases to Dakota County District Court, State of Minnesota, due to lack of jurisdiction. His ruling is neither clearly erroneous nor contrary to law.

## IV. CONCLUSION

Based upon the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the June 10, 1999 Order of Magistrate Judge Boylan is **AFFIRMED.**