**Charles COONS, Plaintiff,**

v.

**BNSF RAILWAY COMPANY, Defendant.**

**Case No. 15–cv–4282 (WMW/TNL)**

United States District Court,
D. Minnesota.

Filed August 7, 2017

Brock J. Specht, Charles A. Delbridge, David E. Schlesinger, Nichols Kaster, PLLP, Minneapolis, MN, for Plaintiff.

Bryan P. Neal, Thompson & Knight LLP, Dallas, TX, Matthew Tews, Tracey Holmes Donesky, Stinson Leonard Street LLP, Minneapolis, MN, for Defendant.

## ORDER ON DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS AND DEFENDANT'S OBJECTIONS TO DISCOVERY RULINGS

Wilhelmina M. Wright, United States District Judge

In this lawsuit, Plaintiff Charles Coons asserts state and federal disability-discrimination claims against Defendant BNSF Railway Company. Coons alleges that BNSF Railway engaged in unlawful disability discrimination by requesting certain medical information as part of its pre-employment background screening and deciding to rescind a conditional offer of employment after Coons was unable to provide some of the requested medical information. BNSF Railway now appeals certain discovery rulings of the magistrate judge and seeks judgment on the pleadings as to certain claims. For the reasons addressed below, the magistrate judge's discovery rulings are affirmed, and BNSF Railway's motion for judgment on the pleadings is granted in part and denied in part.

### BACKGROUND

Coons received a conditional job offer from BNSF Railway for the position of Mechanical Shop Laborer—Hostler Helper. As a condition of Coons's employment, BNSF Railway required him to complete pre-employment background screening, which included a medical-history questionnaire. Coons completed the questionnaire and disclosed several health conditions. BNSF Railway then requested additional medical information from Coons's physicians. After receiving the requested infor-

mation, BNSF Railway notified Coons that he must provide a current MRI with an analysis comparing the new MRI to the one previously submitted with his medical records. Coons advised BNSF Railway that his insurance would not cover the cost of an MRI that was not medically necessary and that he could not afford the out-of-pocket cost of an MRI. Shortly thereafter, BNSF Railway rescinded its conditional employment offer.

Coons initiated this lawsuit asserting eight counts of disability discrimination in violation of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101–12213, and the Minnesota Human Rights Act (MHRA), Minn. Stat. §§ 363A.01–363A.44. As relevant here, Counts III and IV of the complaint assert disparate-impact claims under the ADA and MHRA, respectively; Count V asserts an impermissible-medical-examination claim under the ADA; and Counts VII and VIII assert failure-to-accommodate claims under the ADA and MHRA, respectively. Coons alleges that BNSF Railway uses selection criteria in its pre-employment medical examination that tend to screen out individuals with disabilities that are not job related.

Coons served BNSF Railway with several discovery requests. As relevant here, Interrogatory 15 and Request for Production 20 instruct BNSF Railway to identify and produce documents related to each job applicant who received a conditional offer of employment and was directed to obtain an MRI or CT scan at the applicant's expense from January 1, 2008, to the present. Similarly, Interrogatory 16 and Request for Production 21 instruct BNSF Railway to identify and produce documents related to each job applicant who received a conditional offer of employment and was asked to provide additional information regarding diagnoses with certain mental-health conditions from January 1, 2008, to

the present. Coons also served a Rule 30(b)(6), Fed. R. Civ. P., deposition notice, seeking testimony from a corporate designee on five topics. Four of the topics are at issue here: (1) the job duties and requirements for the position of Mechanical Shop Laborer—Hostler Helper; (2) the circumstances of the job applicants identified in response to Interrogatory 15 and Request for Production 20; (3) the circumstances of the job applicants identified in response to Interrogatory 16 and Request for Production 21; and (4) the employment rate for job applicants with a conditional offer for the position of Mechanical Shop Laborer—Hostler Helper. BNSF Railway objected to these interrogatories and requests for production and refused to respond. BNSF Railway also sought a protective order to prevent the Rule 30(b)(6) deposition. Coons moved to compel BNSF Railway to respond and produce a corporate designee for a deposition.

United States Magistrate Judge Tony N. Leung held a hearing on Coons's motion to compel and BNSF Railway's motion for a protective order. As relevant here, Magistrate Judge Leung granted Coons's motion to compel BNSF Railway to respond to Interrogatories 15 and 16, produce documents in response to Requests for Production 20 and 21, and produce a Rule 30(b)(6) witness for deposition. Magistrate Judge Leung concluded that the evidence sought by this discovery is relevant to Coons's disparate-impact claim and that the requests are proportional to the needs of the case, provided the relevant time period is restricted to January 1, 2006, to January 1, 2010 (a period comprising two years before and two years after Coons's application). BNSF Railway filed objections to the magistrate judge's ruling compelling BNSF Railway to respond to these discovery requests and to produce a Rule 30(b)(6) witness for deposition.

While the parties' discovery motions were pending, BNSF Railway filed a motion for judgment on the pleadings with respect to Counts III, IV, V, VII and VIII of the complaint. BNSF Railway's appeal of the magistrate judge's discovery rulings along with BNSF Railway's motion for judgment on the pleadings are now before the Court.

## ANALYSIS

### I. BNSF Railway's Motion for Judgment on the Pleadings

#### A. Legal Standard

■ When deciding a motion for judgment on the pleadings, a district court accepts as true all facts pleaded by the nonmoving party and draws all reasonable inferences from the pleadings in favor of the nonmoving party. *Corwin v. City of Independence*, 829 F.3d 695, 699 (8th Cir. 2016). A district court evaluates a motion for judgment on the pleadings under the same standard as a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Haney v. Portfolio Recovery Assocs., L.L.C.*, 837 F.3d 918, 924 (8th Cir. 2016). Accordingly, in order to survive a motion for judgment on the pleadings, the complaint must contain sufficient factual allegations to state a plausible claim for relief. *See id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)). Merely reciting the elements of a cause of action along with conclusory statements is not sufficient, and legal conclusions asserted in the complaint are not entitled to a presumption of truth. *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937. When deciding a motion for judgment on the pleadings, a district court generally does not consider materials outside the pleadings, but "courts may consider some public records, materials that do not contradict the complaint, or materials that are necessarily embraced by the pleadings." *Saterdalen v. Spencer*, 725 F.3d 838, 841 (8th Cir. 2013) (internal quotation marks omitted).

### B. Disparate–Impact Claims Under the ADA and MHRA

■ BNSF Railway first argues that Counts III and IV of Coons's complaint, which assert disparate-impact claims under the ADA and MHRA, respectively, should be dismissed for failure to state a claim on which relief can be granted.[1] Coons counters that the allegations in the complaint are sufficient to state a plausible claim—namely, that BNSF Railway's practice of requiring job applicants who disclose certain medical conditions to undergo unnecessary medical testing at the applicant's expense has a disparate impact on applicants with disabilities.

■ A disparate-impact theory of ADA liability under 42 U.S.C. § 12112(b)(6) generally refers to the use of facially neutral selection criteria that screen out or tend to screen out individuals who are disabled within the meaning of the ADA. *See Raytheon Co. v. Hernandez*, 540 U.S. 44, 52–53, 124 S.Ct. 513, 157 L.Ed.2d 357 (2003). To establish a prima facie case of discrimination based on disparate impact, a plaintiff must (1) identify a specific, facially neutral employment practice; and (2) present "statistical evidence of a kind and degree sufficient to show that the practice in question caused the plaintiff to suffer adverse employment ac-

---

1. BNSF Railway asserts, and Coons does not dispute, that the MHRA claim should be analyzed for this motion in the same way as the ADA claim. *See Fischer v. Minneapolis Pub. Schs.*, 792 F.3d 985, 988 (8th Cir. 2015) ("We generally analyze ADA and MHRA claims in the same way, with one exception that is irrelevant here."). The Court, therefore, addresses Coons's disparate-impact claims under the ADA and MHRA together.

tion because of his or her membership in a protected group." *Evers v. Alliant Techsys., Inc.*, 241 F.3d 948, 953 (8th Cir. 2001); *accord Jung v. City of Minneapolis*, 187 F.Supp.3d 1034, 1048 (D. Minn. 2016). But a plaintiff in an employment discrimination case is not required to plead a prima facie case to survive a motion to dismiss. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510–11, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); *see also Blomker v. Jewell*, 831 F.3d 1051, 1056 (8th Cir. 2016) (stating that although a plaintiff need not plead a prima facie case of discrimination, the elements of a prima facie case are "part of the background against which a plausibility determination should be made" (internal quotation marks omitted)).

BNSF Railway argues that Coons's disparate-impact claims should be dismissed for two reasons—first, because the complaint fails to identify the specific employment practice that is alleged to have a disparate impact on individuals with disabilities and, second, because Coons's allegations demonstrate that his failure to provide a new MRI, *not* a discriminatory BNSF Railway policy, caused BNSF Railway to withdraw the conditional job offer. Coons counters that the complaint alleges two specific employment practices that have a disparate impact on individuals with disabilities: (1) the practice of requiring "additional medically-unnecessary imaging—such as MRIs or CT scans—at the applicant's expense," and (2) the practice of requiring "superfluous medical records, which are neither job related nor consistent with business necessity, after the applicant's treating doctor has indicated the applicant is cleared to work." Coons alleges that BNSF Railway applied both of these requirements to him and that it is reasonable to infer that BNSF Railway imposed the same requirements on other applicants whose initial medical screenings revealed certain medical conditions.

■ Coons's allegations regarding BNSF Railway's employment practices are inadequate for at least two reasons. First, as BNSF Railway argues, the ADA permits employers to make follow-up requests based on information obtained in the pre-employment medical screening process. *See McDonald v. Webasto Roof Sys., Inc.*, 570 Fed.Appx. 474, 476 (6th Cir. 2014). Although an employer is required to show that any criteria used to screen out candidates based on medical information obtained in an employment entrance examination are job related and consistent with business necessity, *see* 29 C.F.R. § 1630.14(b)(3), Coons does not allege that BNSF Railway applied a selection criterion that screened him out based on the medical information he provided. Instead, Coons alleges that BNSF Railway rescinded its conditional offer of employment because Coons was unable to provide the requested documentation at his own expense. BNSF Railway's decision to rescind Coons's employment offer when he failed to provide the requested information arguably violates the ADA for a different reason, *see infra* Part I.C, but BNSF Railway did not apply a selection criterion to Coons that has the effect of screening out applicants with disabilities.

Second, and relatedly, neither specific employment practice identified by Coons is a facially neutral policy that applies to all employees who receive conditional job offers. *See Evers*, 241 F.3d at 953. Instead, Coons's allegations address BNSF Railway's policies for seeking additional information from employees who disclose certain medical conditions in the context of a permitted employment entrance examination. Such requests for additional information are necessary to permit BNSF Railway to conduct the required individualized inquiry about whether a prospective em-

ployee is able to perform the essential functions of the job for which the prospective employee received a conditional offer. *See Keith v. Cty. of Oakland,* 703 F.3d 918, 923 (6th Cir. 2013) ("The ADA mandates an individualized inquiry in determining whether an applicant's disability or other condition disqualifies him from a particular position. A proper evaluation involves consideration of the applicant's personal characteristics, his actual medical condition, and the effect, if any, the condition may have on his ability to perform the job in question." (alterations omitted) (internal quotation marks and citation omitted)). Although requests for additional medical information might impose a greater burden on individuals with disabilities because only those applicants who disclose certain medical conditions receive such requests, it does not necessarily follow that the requirement to provide additional medical information either screens out or tends to screen out applicants with disabilities who provide the requested information. Coons's job offer was rescinded because he failed to provide the requested information. Coons has not alleged a plausible connection between BNSF Railway's requests for additional information during its medical screening process and a pattern of rescinding conditional job offers made to individuals protected by the ADA.

Because Coons has not alleged facts to support his assertion that BNSF Railway's medical examination practices have a disparate impact on individuals protected by the ADA, BNSF Railway's motion for judgment on the pleadings is granted with respect to Counts III and IV. Those claims are dismissed without prejudice.

## C. Unlawful Medical Examination Claim Under the ADA

BNSF Railway also argues that Coons's ADA claim based on an unlawful medical examination should be dismissed because Coons's complaint cites the statutory provision that applies to employees rather than the provision that applies to job applicants. Coons concedes that his complaint cites a subsection of the statute that does not apply to him. But, he argues, his complaint nonetheless plausibly alleges that BNSF Railway unlawfully used the pre-employment medical examination to screen him out despite his physician's conclusion that Coons was able to do the job.

The ADA permits an employer to require a job applicant who has received a conditional offer of employment to undergo a medical examination if three criteria are satisfied. 42 U.S.C. § 12112(d)(3). First, the examination must be required of all incoming employees, regardless of disability. *Id.* Second, information obtained in the course of the examination must be treated as a confidential medical record. *Id.* Third, the results of the examination must be used in a manner consistent with all the provisions of the ADA that pertain to employment. *Id.* The requirement to use the results of a medical examination in a manner consistent with the employer's other legal obligations under the ADA prohibits the use of an otherwise permissible medical examination to screen out individuals with disabilities, unless the screening criterion is job related for the position in question and consistent with business necessity. *See* 42 U.S.C. § 12112(a), (b)(6), (d)(3)(C); 29 C.F.R. § 1630.14(b)(3).

By contrast, the ADA expressly prohibits medical examinations of current employees, unless the examination "is shown to be job-related and consistent with business necessity." 42 U.S.C. § 12112(d)(4)(A). Relying on this provision, BNSF Railway contends that an employer that requires medical examinations of job applicants under Section 12112(d)(3) is not required to show that the examination is

job related or consistent with business necessity. But BNSF Railway's argument fails to consider that if certain criteria are used to screen out individuals with disabilities based on the medical examination, those criteria must be job related and consistent with business necessity. *See* 42 U.S.C. § 12112(b)(6); 29 C.F.R. § 1630.14(b)(3).

Coons relies on *Johnson v. City of Shelby*, —— U.S. ——, 135 S.Ct. 346, 190 L.Ed.2d 309 (2014) (per curiam), to support his assertion that the citation in his complaint to Section 12112(d)(4), rather than Section 12112(d)(3), is not fatal to his unlawful-medical-examination claim. In *Johnson*, the Supreme Court of the United States reversed the summary judgment against plaintiffs who alleged violations of their constitutional rights but failed to invoke 42 U.S.C. § 1983 in their complaint. *Id.* at 346. The *Johnson* Court emphasized that federal pleading rules require a plaintiff to give the defendant fair notice of the claim and "plead facts sufficient to show that [the] claim has substantive plausibility." *Id.* at 347. Because the complaint gave the defendants fair notice of plaintiffs' claims, the Court concluded that the plaintiffs should have been permitted to amend their complaint to add a citation to Section 1983. *Id.* BNSF Railway argues that *Johnson* is inapposite because now Coons is "attempting to assert a different claim from the one he unambiguously pleaded." But BNSF Railway's contention that Coons's complaint failed to put the company on notice of his allegations because the complaint cited Section 12112(d)(4), rather than Section 12112(d)(3), is unavailing. It is undisputed that Coons was a job applicant who never became a BNSF Railway employee, and Section 12112(d)(4) clearly applies only to employees. Contrary to BNSF Railway's argument, BNSF Railway could not have reasonably believed

that Coons intended to bring a claim under Section 12112(d)(4).

Coons's complaint alleges that BNSF Railway was prohibited from requiring him to submit to a medical examination under Section 12112(d)(4). Although that allegation is incorrect because Coons was never a BNSF Railway employee, the complaint makes clear that the crux of Coons's allegation is that BNSF Railway used its medical-examination process as an excuse to rescind its job offer after Coons disclosed various medical conditions. In response to BNSF Railway's motion, Coons argues that his complaint should be understood to allege that BNSF Railway impermissibly used the results of the medical examination in a discriminatory manner. That allegation, if proved, would support a claim under Section 12112(d)(3). Although the ADA and its implementing regulations permit an employer to ask for additional information after an initial medical screening, the EEOC's enforcement guidance does not "endorse the practice of requiring the applicant to pay for costly additional information as a condition of proceeding through the hiring process." *EEOC v. BNSF Ry. Co.*, No. C14-1488, 2016 WL 98510, at *6 (W.D. Wash. Jan. 8, 2016). The district court in *EEOC v. BNSF Railway Co.* considered similar facts and concluded that, although the defendant had not applied a selection criterion to disqualify an applicant who failed to provide an updated MRI at his own expense, the employer impermissibly used the "results" of an otherwise permissible examination when it required the applicant to supply the MRI at his own expense after the applicant disclosed a previous back injury. *Id.* at *6–7. This Court agrees and concludes that Coons's allegations, if proved, could support a claim under Section 12112(d)(3) that BNSF Railway impermissibly used the results of the medical examination in a discriminatory manner.

Because Coons's complaint alleges a plausible claim for relief under Section 12112(d)(3) and BNSF Railway could not reasonably have been misled as to which subsection of the statute applies to Coons's claim, BNSF Railway's motion for judgment on the pleadings is denied as to Count V.

### D. Failure-to-Accommodate Claims Under the ADA and MHRA

Finally, BNSF Railway asserts that Coons's failure-to-accommodate claims arising under the ADA and the MHRA must be dismissed. In his meet-and-confer statement, counsel for BNSF Railway asserts that Coons agreed to the voluntary dismissal of these claims (Counts VII and VIII). Coons confirms the agreement in his responsive brief. Because Coons has agreed to withdraw Counts VII and VIII, those counts are dismissed without prejudice. *See* Fed. R. Civ. P. 41(a)(2).

### II. BNSF Railway's Appeal of Discovery Rulings

 BNSF Railway also challenges the magistrate judge's order compelling responses to Interrogatories 15 and 16 and Requests for Production 20 and 21 and production of a Rule 30(b)(6) witness. A district court's review of a magistrate judge's order on a nondispositive matter is "extremely deferential." *Reko v. Creative Promotions, Inc.*, 70 F.Supp.2d 1005, 1007 (D. Minn. 1999). Reversal is warranted only if the ruling is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); LR 72.2(a). A magistrate judge's ruling is clearly erroneous when, although there is evidence to support the ruling, after examining the entire record, the reviewing court "is left with the definite and firm conviction that a mistake has been committed." *Wells Fargo & Co. v. United States*, 750 F.Supp.2d 1049, 1050 (D. Minn. 2010) (internal quotation marks omitted). A magistrate judge's ruling is contrary to law when it either fails to apply or misapplies pertinent statutes, case law or rules of procedure. *Edeh v. Midland Credit Mgmt., Inc.*, 748 F.Supp.2d 1030, 1043 (D. Minn. 2010).

 To the extent that the magistrate judge ordered BNSF Railway to produce a corporate designee to testify regarding the job requirements for the position of Mechanical Shop Laborer—Hostler Helper, the magistrate judge's order is not clearly erroneous or contrary to law. BNSF Railway argues that the magistrate judge failed to consider its argument that the compelled testimony would be duplicative of other discovery that it has provided and would not help Coons prevail on his claims. Although the magistrate judge did not expressly address BNSF Railway's argument, this omission does not establish that the magistrate judge failed to consider BNSF Railway's argument. *Cf. United States v. Barron*, 557 F.3d 866, 868 (8th Cir. 2009) (stating that a district court is not required to specifically address each argument advanced in a sentencing memorandum); *Montgomery v. Chater*, 69 F.3d 273, 275 (8th Cir. 1995) (stating that the failure to address a specific piece of evidence does not mean the court did not consider it). An express rejection of BNSF Railway's contention that the requested discovery is unreasonably duplicative was not required. The magistrate judge concluded that the evidence sought in Topic 1 is relevant and proportional, which is all that is required for the evidence to be discoverable. *See* Fed. R. Civ. P. 26(b)(1). Accordingly, this aspect of the magistrate judge's order is affirmed.

Finally, BNSF Railway challenges the magistrate judge's order to produce discovery materials addressing other individ-

uals who received conditional job offers on the ground that Coons's disparate-impact claims—to which the disputed discovery pertains—are not legally viable. As addressed in Part I.B, by operation of this Order, Coons's disparate-impact claims are dismissed. Coons appears to concede in his response to BNSF Railway's appeal of the magistrate judge's discovery rulings that the discovery sought as to other individuals who received conditional job offers only pertains to the disparate-impact claims that now have been dismissed. Because it is unclear from the record that Coons has a need for this discovery in light of the Court's ruling, this issue is remanded to the magistrate judge for further proceedings consistent with this Order.

### ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED:**

1. Defendant BNSF Railway Company's motion for judgment on the pleadings, (Dkt. 59), is **GRANTED IN PART** and **DENIED IN PART**, as set forth herein.

 a. Counts III and IV of the Complaint, (Dkt. 1), are **DISMISSED WITHOUT PREJUDICE**; and

 b. Counts VII and VIII of the Complaint, (Dkt. 1), are **DISMISSED WITHOUT PREJUDICE.**

2. Defendant BNSF Railway Company's objection to the magistrate judge's order compelling discovery, (Dkt. 70), is **SUSTAINED IN PART** and **OVERRULED IN PART.**

3. The January 31, 2017 Order compelling Defendant BNSF Railway Company to respond to discovery requests, (Dkt. 63), is **AFFIRMED IN PART** and **REMANDED IN PART**, as set forth herein.